GEORGE EWING V. PERRY & HENDERSON.

1. A lessor has no lien on crops grown on his premises after the same have been removed therefrom, and after the expiration of the rental year.

2. A judgment of dismissal having been rendered by a district court, it was not within the power of the judge of that court, after the adjournment of the term, to set aside the judgment of dismissal and reinstate the case.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

The facts of the case are sufficiently stated in the opinion of the court.

*J. D. & D. C. Giddings*, for appellant.

*Chandler, Carleton & Robertson*, for appellees.

OGDEN, J.—This suit was instituted by appellees against appellant on an open account for $150, transferred to appellees by L. Erwin. A jury was waived, and the cause submitted to the court. A judgment was rendered for the appellees, and the defendant below has appealed.

The account was regularly transferred by Erwin, and on the trial the appellees fully proved up the same. It appears from the evidence that the account was for corn

sold by Erwin to appellant in the latter part of December, 1867, which corn was raised on rented premises belonging to McMiller & Slack; and that in January following, and after the corn had been moved off the rented premises, McMiller & Slack had the same distrained for the rent of 1867; and, under the impression that McMiller & Slack could hold the corn, appellant agreed to settle with them for the price; but that subsequently, the suit of McMiller & Slack having been dismissed, the account was transferred by Erwin to appellees, and appellant agreed to pay them. We think the transfer to appellees a good one, and conveyed to them the entire property in the account. The distress warrant sued out by McMiller & Slack was wrongfully levied on the corn, as they had no lien on the crops raised on their land after the same had been removed from the farm, and after the expiration of the rental year. They, therefore, would have no claim on the corn had their suit not have been dismissed. But their suit had been regularly dismissed for the want of prosecution, and the action of the court or judge in setting aside that judgment of dismissal after the adjournment of the court was a nullity, as he no longer had any jurisdiction of the case.

We do not wish to be understood as deciding that an original action in the nature of a bill of review might not have been instituted; provided, the facts of the case would have warranted such a procedure; but in this case, there was a simple order of the judge made after the adjournment of the court, and after the judge had left the district, that the judgment of dismissal be set aside, and that the district clerk of Washington county is directed to reinstate the cause on the docket. Most clearly this order was without authority of law, and could give McMiller & Slack no legal right or claim

to the corn distrained, or to the account. It is claimed that the testimony of Ewing proves that the account had been virtually transferred to McMiller & Slack, before the assignment to appellees ; and that they had a prior right, and the obligation of Ewing to pay the same to them. There appears two affidavits of Ewing in the transcript, which do not appear to harmonize. In the first, he swears that he had settled or arranged the account with McMiller & Slack ; and in the second, he swears in effect, that it is not paid, and that he does not know to whom to pay the same.

We think the court below placed a just appreciation on the two affidavits of Ewing, in rendering a judgment for the plaintiffs. Ewing certainly agreed to pay the account to appellees, and if he has also bound himself to pay the same to McMiller & Slack, he will have to charge one payment to his own folly.

The judgment is affirmed.

AFFIRMED.