PATSY DEVINE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield September 30, 1881.*

1. EVIDENCE—*in capital cases.* Where a person is on trial upon the charge of murder, and the evidence relied on to connect the accused with the offence is entirely circumstantial, it is highly important to him, as well as essential to the due administration of justice in the prosecution of the case, that the State should be held to at least a substantial, if not a strict, observance of the well established rules governing the production of testimony, in

its efforts to establish the charge against him. No matter or thing should be admitted in evidence, against the objections of the accused, which does not prove or tend to prove the issue, more especially if the evidence, when admitted, would have an improper influence upon the minds of the jury, or place the accused at a disadvantage before them.

2. SAME—*of the theory of witness and others as to guilty party.* On the trial of one for murder, where the only evidence relied on to connect the prisoner with the crime was circumstantial evidence, a captain of the police was allowed to testify that on the night of the homicide he saw another person and learned what he knew about the prisoner and another, and that he and the police formed the theory that the prisoner and such other person did the shooting of the deceased: *Held,* that the admission of this testimony was unjust to the accused, and clearly erroneous.

3. AMENDING BILL OF EXCEPTIONS—*in vacation.* While the mere settling and signing of a bill of exceptions may not be the exercise of judicial power, yet when one is once signed, sealed, and filed in the proper office, it becomes a part of the record, and, like other portions of the record, it imports a verity, and no plea or averment will be admitted which questions the truth of what it imports.

4. If what purports to be a record has been so made up by the clerk or other officer as not to speak the real facts, it must be amended so as to conform to them, and this can only be done by the court whose record is sought to be amended. If substantial amendments of the records of court are to be made, based upon extrinsic testimony, it can only be done on due notice, after a solemn adjudication of the matter in open court.

5. In this case, after a bill of exceptions had been settled, signed and sealed by the judge who presided at the trial of the cause, and was filed in the proper office, and while the cause was pending on error in this court, the same judge who tried the cause in the court below, upon notice to the party to be affected, in vacation, and in a county other than that in which the cause was tried, signed and sealed a supplemental bill of exceptions, which purported to amend the record of the original bill of exceptions in a material point concerning the evidence. It was *held,* not competent for the judge to make the amendment at chambers and in vacation.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. ALBERT G. BURR, Judge, presiding.

Mr. W. C. P. REMINE, and Mr. JOSEPH W. JONES, for the plaintiff in error, made the following among various other points:

Evidence of a distinct substantive offence shall not be admitted as proof of the commission of the offence for

which the defendant is on trial; *a fortiori* evidence of an intention to commit a different offence should not be received. 1 Phillips on Ev. (6th Am. ed.) 477; 1 Wharton's Crim. Law (7th ed.) secs. 639–640, and note n; *Kribs* v. *People*, 82 Ill. 425; *Gifford* v. *People*, 87 id. 211.

The court erred in admitting the testimony of officer J. P. Butler, which was as follows: "That night I saw Mike McHugh and learned what he knew about Devine and Williams, and we of the police formed the theory that they were the men that had done the shooting" The natural and inevitable result of such testimony must have been to convince the jury that the police officers, who are supposed to be skilled in the detection of criminals, possessed facts which the forms of law excluded, showing defendant to be guilty.

The writing filed, which purports to be an amendment of the original bill of exceptions, should be stricken from the files or disregarded, because the amendment was not made in open court, but in vacation, and is therefore void. The act of the judge was extra-judicial.

The bill of exceptions being a record when signed, sealed and filed, can be amended only in the manner that any other part of the record of the case could be,—that is, in open court in term time, and upon notice. *Wallahan* v. *People*, 40 Ill. 102; *Goodrich* v. *City of Minonk*, 62 id. 121; *Newman* v. *Ravenscroft*, 67 id. 469.

Mr. WILLIAM H. BOOTH, State's Attorney of DeWitt county, and Messrs. FIFER & PHILLIPS, for the People.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Thomas Coyne, *alias* Patsy Devine, and Henry Williams, were indicted in the McLean circuit court, at its April term, A. D. 1880, for the murder of Aaron Goodfellow. Devine alone was taken, and plead to the indictment at the same term of court. Upon his application, at the following Sep-

tember term the venue was changed to DeWitt county, where, at the December term, 1880, of the DeWitt circuit court, he was tried before the court and a jury, and found guilty in manner and form as charged in the indictment, and duly sentenced to be hung on the 14th of January, 1881. To reverse this conviction the present writ of error is prosecuted.

The evidence shows that the deceased, Aaron Goodfellow, on Monday night of the 4th of August, 1879, about fifteen minutes past nine o'clock, was assaulted in the streets of Bloomington by two strangers, and in course of the struggle received two gunshot wounds, from which, on the following morning, he died. No one saw the transaction but the deceased and his assailants, and the evidence relied on to connect the accused with the offence is entirely circumstantial. In view of this fact, and the further consideration that the life of the accused was involved in the issue, it became highly important to him, as well as essential to the due administration of justice in the prosecution of the case, that the State should be held to at least a substantial if not a strict observance of the well established rules governing the production of testimony, in its efforts to establish the charge against him. The trial should have been conducted with the utmost fairness, and no matter or thing should have been admitted in evidence, against the objections of the accused, which did not prove or tend to prove the issue, more especially if the evidence, when admitted, would have had an improper influence upon the minds of the jury or place the accused at a disadvantage before them. Without expressing any opinion whatever upon the sufficiency of the testimony to sustain the conviction, we do not think the rule here indicated was sufficiently observed.

J. P. Butler, captain of the night police of the city of Bloomington, and a witness on behalf of the People, testified, among other things, against the objection of the accused, that "that night (the night of the homicide) I saw Michael

McHugh, and learned what he knew about Devine and Williams, and we of the police formed the theory that they were the men that had done the shooting."

The admission of this testimony was unjust to the accused, and clearly erroneous. Indeed, this is not seriously questioned, but it is claimed, as a matter of fact, that this portion of the original bill of exceptions is untrue, and in support of this hypothesis defendants in error rely on a supplemental record, which purports to be an amended bill of exceptions, in which it is recited that that portion of Butler's testimony above mentioned, and to which exception is taken, "is stricken out," and other statements of the witness, less objectionable, substituted in its place. The original bill of exceptions was settled, signed and sealed by the learned judge who tried the cause, on the 7th day of January, 1881, and on the same day was duly filed in the office of the clerk of the DeWitt circuit court, and thereby became a part of the record of the cause. After the case was brought to this court, it was discovered, as is claimed by defendants in error, that the bill of exceptions was erroneous in the respect we have mentioned, and with a view of correcting it, a diminution of the record was suggested, founded upon affidavit; whereupon a rule was issued out of this court, requiring the clerk of the circuit court to send up a complete record of the cause; in answer to which there was filed in this court a transcript of what purports to be an additional or supplemental bill of exceptions, upon the filing of which plaintiff in error interposed a written motion, supported by suggestions verified by oath, to strike the same from the files, and this motion was reserved for the final consideration of the case.

Upon examination of this so-called supplemental bill of exceptions, and the suggestions in support of the motion to strike it from the files, it appears that after the record was filed in this court, to-wit, on the 19th day of January, 1881, counsel

for plaintiff in error was served with notice by defendant in error to appear before the Hon. A. G. Burr, who heard said cause, at the Leland Hotel, in Springfield, at the hour of 7 o'clock P. M. of the 24th of the same month, to show cause why the former bill of exceptions, then a matter of record, should not be amended in the respect heretofore mentioned; that without any appearance on the part of plaintiff in error, the said judge, in pursuance of said notice, did, at the time and place therein specified, make out, under his hand and seal, the above mentioned additional or supplemental bill of exceptions, wherein it purports to amend the record of the former bill of exceptions in the manner already stated.

It is a well recognized principle that judges can exercise no judicial functions in vacation, except such as they are specially authorized to do by statute. It is true the mere settling and signing of a bill of exceptions may not be the exercise of judical power, yet when one is once signed, sealed and filed in the proper office, it becomes as much a part of the record as an indictment or declaration when so filed, and, like other portions of the record, it imports a verity, and no plea or averment will be admitted which questions the truth of what it imports. If what purports to be a record has been so made up by the clerk or other official as to not speak the real facts, it must be amended so as to conform to them, and this can only be done by the court whose record is sought to be amended, and must, as a general rule, be done on due notice to all such as will be affected by the amendment. It would certainly be competent for the legislature to authorize judges to hear and determine questions of this character in vacation, but we are aware of no statute that authorizes them to do so. *Wallahan* v. *The People*, 40 Ill. 102; *Goodrich* v. *City of Minonk*, 62 id. 121; *Newman* v. *Ravenscroft*, 67 id. 469.

It follows, from what we have said and the authorities here cited, that the motion to strike the amended bill of exceptions from the files must be sustained, and the case must be disposed of without any reference to it.

It would certainly be a dangerous precedent to establish, in the absence of any statutory authority warranting it, to hold that the judge of a court of record might sit at chambers in any foreign county in the State that might suit his convenience or pleasure, for the purpose of hearing applications of this character. The existence of such a power would not only be fraught with danger to private and public rights, so far as they depend upon the inviolability of the records of our courts, but might lead to great abuses and hardships. If substantial amendments of the records of a court are to be made, based upon extrinsic testimony, it can only be done on due notice, after a solemn adjudication of the matter in open court.

As this case will have to be reversed for the error already indicated, we do not deem it necessary, or even proper, to discuss the testimony, or to consider other important questions discussed by counsel in their briefs.

The judgment of the court below is reversed, and the cause remanded, with directions to award a *venire de novo.*

*Judgment reversed.*

Mr. JUSTICE WALKER dissents.

Mr. JUSTICE SCOTT was not present when this case was considered.