## Ex Parte W. S. Ellis.

### *No. 1240.  Decided April 21st, 1897.*

**Contempt—Adjudication for, When Rendered in Vacation.**

The proceedings during a vacation of court, adjuding a party guilty of a contempt of the court for disobeying its orders or judgments, is not a judgment; and, being only a personal command of the judge, made at a time when he had no authority to make it, is void.

From Falls County.

Original application to the Court of Criminal Appeals for a habeas corpus against an order of the court below, made in vacation, committing applicant to jail for contempt in disobeying the orders of the court.

The opinion states the case.

*Mann Trice*, Assistant Attorney-General, for the State, filed the following motion to dismiss the application, viz:

Now comes the State and moves the court to dismiss the application for writ of habeas corpus herein, because said application shows that the contempt for which relator was committed grew out of and was incidental to a civil suit pending in the District Court of Falls County, and fails to show that any application for relief, through habeas corpus, was made to either the judges of the Courts of Civil Appeals or the Supreme Court, which said tribunals are vested with the full supervision and control of all civil cases—while the jurisdiction of this court appertains to criminal matters only.  It is not contended that this court is without jurisdiction to grant relief by writ of habeas corpus for imprisonment in any event, but it is contended that it is within the discretion of this court as to whether it will hear and determine the application herein until it is shown that the relator has resorted to or exhausted other avenues by which he could obtain relief.  Ex parte Lambert, ante p. 435.

2. Because said application fails to show that the judgment from which relief is sought is void either for want of jurisdiction of the parties or the subject-matter, or that the court was without authority to render the judgment herein.  The application does not allege nor does applicant offer to prove that he was unable to comply with the orders or that he offered or proposed to purge himself of contempt, but it is seemingly based upon the theory that the adjudication does not find that he was able to comply.  The presumption of law is indulged in favor of the judgment in this regard, in the absence of an allegation and showing to the contrary.  The commitment herein does not fall within the meaning of an imprisonment for debt.  See, Ex parte Robertson, 27 Tex. Crim. App., 628.

*Rice & Bartlett*, for relator.—The Court of Criminal Appeals has

power to grant relief, by habeas corpus, where it appears that the court rendering the judgment for contempt, was without jurisdiction to render the particular judgment complained of. Ex parte Degener, 30 Tex. Crim. App., 566.

The District Judge has no authority in vacation to render a judgment or make an order as done in this case, adjudging the applicant guilty of a civil or constructive contempt, in the event he should refuse to obey or comply with its mandate or decree, and ordering commitment in case of failure of applicant to obey said order. Aiken v. Carroll, 37 Texas, 73; Grant v. Chambers, 34 Texas, 574; Hunton v. Nichols et al., 55 Texas, 217; Black on Judgments, Vol. 1, § 179, and note of authorities; Ex parte Ireland, 38 Texas, 344; 12 Amer. and Eng. Ency of Law, p. 14; Blair v. Reading, 99 Ill., 609; Devine v. People, 100 Ill., 290; Hammock v. Farmers Loan and Trust Co., 105 U. S., 1111, Lawyers' Reports, annotated.

The District Court of Falls County convenes on the first Monday in January and July, and may continue in session eight weeks. See, Acts of 1893, p. 52; Rev. Stat., 1895, p. 54, § 53; Rapelje on Contempts, § 129; Sherwood v. Sherwood, 32 Conn.; 6 Fed. Rep., 63; State v. McKinune, 8 Ore., 487.

*W. E. Rogers*, for respondent.

HENDERSON, JUDGE.—This is an original application for writ of habeas corpus. The writ was granted, and the case was submitted on an agreed statement of facts. It is shown by the record that W. S. Ellis filed suit in the District Court of Falls County against his wife, Sarah Ellis, for divorce. Said suit was tried on the 25th of August, 1896, at the July term, and a divorce was granted on the cross-bill of the defendant. The judgment of said court made a partition of the community property, consisting of a couple of mules, a cow and a calf, and some hogs; and the custody of a baby boy, the offspring of the marriage, was awarded the defendant, Sarah Ellis, until said child, then about 12 months old, should arrive at the age of 8 years, when it was authorized to choose for itself; and in the order or judgment plaintiff was allowed the privilege of visiting it. The judgment further recites as follows: "And it further appearing to the court that the defendant (Sarah Ellis) is poor and without means, and that the plaintiff is in good circumstances, it is ordered, adjudged and decreed that plaintiff shall pay over to the defendant, for the benefit of their child, the said John Ellis, the sum of five dollars per month, to be paid semi-annually from the date of their separation; the first payment to be paid December 1, 1896, the same being the first six months, when thirty dollars shall be paid; the said money to be expended by the defendant for the benefit of said child exclusively, as to her seems meet and proper. And it is further ordered by the court that the plaintiff herein pay all costs of this suit." On the 6th of March, 1897, the following order was entered: "Ex

parte W. S. Ellis. On this, the 6th day of March, 1897, in vacation, came on to be heard the application of Sarah Ellis, asking the court to enforce the payment of alimony awarded her at a former term of the District Court of Falls County for the support and maintenance of their child. Thereupon came both parties in person and by attorney, and announced ready, and the court, after hearing the reading of the complaint and the defendant's answer thereto, and the evidence and argument of counsel, it appearing to the court from the evidence on both sides that there has been paid to the complainant the sum of fourteen and $\frac{10}{100}$ dollars, leaving a balance due and yet unpaid as alimony the sum of fifteen and $\frac{90}{100}$ dollars: It is therefore ordered, adjudged, and decreed by the court that the said W. S. Ellis pay to the said Sarah Ellis, complainant herein, within ten days from date hereof, the sum of fifteen and $\frac{90}{100}$ dollars, the same being the balance due and unpaid of the amount due and unpaid on the 1st day of December, 1896; and it is therefore ordered and decreed by the court that, should the said W. S. Ellis fail or refuse to pay the amount adjudged against him, due and unpaid, according to the order herein rendered, the clerk will issue a writ of commitment herein, directed to the sheriff or any constable of Falls County, commanding him to take the said W. S. Ellis and commit him to jail until said sum of fifteen and $\frac{90}{100}$ dollars and costs are fully paid. It is further ordered by the court that execution issue in favor of officers of court for costs in this behalf expended." In pursuance of this order, a writ of attachment was issued on the 26th day of March, 1897, as follows: The State of Texas, County of Falls. The State of Texas, to the Sheriff of Falls County, Greeting: You are hereby commanded to take into custody and commit to the jail of your county instanter W. S. Ellis, who was, on the 6th day of March, 1897, in vacation, before the District Court of Falls County, adjudged guilty of the offense of contempt of court by refusing to obey an order of the District Court commanding him to pay, within ten days from date of said order, the sum of fifteen and $\frac{90}{100}$ dollars and one dollar costs, and him safely keep until the amount of fifteen and $\frac{90}{100}$ dollars are fully paid, or otherwise discharged by law. Herein fail not, but of this writ make due return, showing how you have executed the same. Witness my hand and seal of office at Marlin, this 26th day of March, 1897. W. A. Powell, Clerk District Court, Falls County." In pursuance of these orders of the court, it appears that the appellant was arrested, and placed in jail, in default of payment of said sum of $15.90, and sued out this writ of habeas corpus. He claims that said judgment is void, because the court had no authority to enter a judgment against him for permanent alimony, after the trial and disposition of said case; and because the order of the court adjudging him guilty of contempt was made in vacation, and was such an order as the court did not have authority to make out of term time; and he further urges that said order is void, and of no effect, because it fails to adjudicate the ability of the applicant to pay the sum of money

which the court in the judgment required him to pay. It has been repeatedly held, and is supported by the current of authorities, that this court will not grant a writ of habeas corpus, and review a merely erroneous judgment. It will only do so when the judgment is absolutely void; that is, one in which the court rendering the judgment did not have jurisdiction of the subject-matter, or did not have jurisdiction of the parties, or did not have the power to render the particular judgment it did. As to the contention of the applicant to the effect that the court did not have jurisdiction over the subject-matter of granting alimony of a permanent character, we would observe that our statute on the subject would appear to cut off the power of the court to grant alimony to the wife to continue after the rendition of the judgment in the divorce suit. See, Rev. Stat., 1895, Art. 2986. Also, Pape v. Pape (Tex. Civ. App.), 35 S. W. Rep., 479. If it be contended that, although the judgment calls the allowance alimony, it was not in fact alimony, but an allowance for the support of the child of the applicant, then we are inclined to the opinion that it is only such a judgment as could be enforced by civil remedies, as by execution, and not by the summary process of contempt. The father might be liable for necessaries furnished the child; but this, in our judgment, could only be enforced by civil process. The order or judgment for contempt rendered in this case, if we refer to the statutes authorizing the holding of court in Falls County (of which we take judicial cognizance), was at a time when a term of court could not be held in said county; and, moreover, the order or judgment shows on its face that it was made and rendered in vacation. There can be no question that this was a judicial act on the part of the court. It adjudged that the applicant was in default in not complying with the former judgment of the court, and that his default was a contempt, and ordered him to be committed to jail on account of his failure to pay said sum of money. It is generally held that judgments of courts made in vacation, unless authorized by some express law, are void. See, Black on Judgm., § 179, citing a number of authorities; Ex parte Ireland, 38 Texas, 344; Aiken v. Carroll, 37 Texas, 73; Grant v. Chambers, 34 Texas, 574; Perry v. Ewing, 35 Texas, 777; Hunton v. Nichols, 55 Texas, 217; Blair v. Reading, 99 Ill., 609; Devine v. People, 100 Ill., 290; State v. McKinnon, 8 Ore., 487. In the last-named case, the exact question here was before the Oregon court, and it was there held that the judge of the circuit court in vacation has no power to hear and determine charges of contempt for disobeying judgments or orders of the court. The exclusive jurisdiction over such charges belongs to the court whose judgment or orders have been disobeyed and can only be exercised during term time. We quote from that case as follows: "The transcript discloses the facts that the judgment, in respect of which the disobedience is charged as a contempt, was a judgment rendered by the circuit court for Douglas County, at its May term, 1879, while the proceeding for contempt was taken wholly before the judge of the court in vacation after

said term. If this was an error, it goes to the jurisdiction, and, as it appears from the record itself, this court is bound to take judicial notice of it, although not assigned, or not even appearing in the argument. If this want of jurisdiction appeared to the judge before whom the proceeding was had at any stage, he should, of his own motion, have dismissed the cause; and this court, on appeal, stands in the same position"—citing Hollingsworth v. State, 8 Ind., 258; Heyer v. Berger, 1 Hoff. Ch., 17; Evans v. Christian, 4 Ore., 376; McKay v. Freeman, 6 Ore., 453. Other questions are discussed in the brief of counsel, but the above we deem sufficient to dispose of this case, as it goes to the jurisdiction and power of the court. It is not necessary to hold in this case that the District Court of Falls County had no power, under any circumstances, to make the order it did, allowing alimony or a support for the maintenance of the child of the applicant; but, as stated above, we are inclined to that view. However, we do hold that the proceedings in vacation adjudicating applicant guilty of contempt was not the judgment of any court, but the personal command of a judge made at a time when he had no power or authority to make or render it, and that it was void. It is therefore considered, ordered, and adjudged that the relator be discharged, and that a copy of this order be sent to the District Court of Falls County for observance. It is further ordered that the applicant herein pay all costs of this proceeding.

*Relator Ordered Discharged.*

HURT, Presiding Judge, absent.