### W. E. MOORE v. THE STATE.

#### No. 2684.   Decided May 25, 1904.

**1.—Practice in District and County Courts.**

An order showing the presentment of an indictment by a grand jury should be made in open court and entered of record in open court in the minutes of the district court during the term thereof, and an entry of such order after adjournment is contrary to the Code of Criminal Procedure.

**2.—Same—Entry After Adjournment Invalid.**

Where it appears that the clerk of the district court made the entry of the presentment of an indictment after adjournment over the signature of the district judge who had signed the minutes of the court in blank, such entry was invalid.

**3.—Same—Minutes Must Be Entered and Signed Before Adjournment.**

A district judge is not authorized to have his minutes made up after the adjournment of the court, nor is he authorized to sign the minutes leaving a space to be filled in by the clerk after court has adjourned.

**4.—Same—Motion to Dismiss—Action of Court.**

Objection to the proper entry of the presentment of an indictment could be made after the case was transferred to the county court, when it was called for trial, and a motion to dismiss should have been granted and the case returned to the district court, when at a succeeding term the minutes might have been amended.

Appeal from the County Court of Zavala.  Tried below before Hon. O. A. Mills.

Appeal from a conviction of simple assault; penalty, a fine of $5.

The following statement is taken from appellant's brief and is substantially correct:

At the December term, 1903, of the District Court of Zavala County, the grand jury appears to have found a true bill of indictment against the defendant in this case, charging him with the offense of aggravated assault.  Said indictment appears to have been filed in said district court on the 10th day of December, 1903.  According to the two transcripts of the order of said district court, transferring said cause to the County Court of Zavala County, filed in the latter court on the 11th and 29th days of December, 1903, respectively, said orders of transfer being in evidence before the county court upon the presentation of the above motion, the District Court of Zavala County adjourned on the 10th day of December, A. D. 1903, for the term.

The witness W. T. Childress, district clerk of Zavala County, admits in his testimony, adduced before the county court upon presentation of the aforesaid motion, that at the time of the adjournment of said district court the minutes of the proceedings of said court did not show any presentment of the indictment against the defendant in this case by a quorum of the grand jury of Zavala County in open court, but on the other hand admits in his said testimony that he entered the fact of

presentment of said indictment after the 10th day of December, 1903, to wit, after the day upon which said court adjourned for the term.

The minutes of the proceedings of the District Court of Zavala County, the court in which the indictment in this case appears to have been persented, said minutes also adduced as evidence before the court on presentation of defendant's motion, show that the entry of the presentment of said indictment was not made in regular order on said minutes, but appears upon the margin of said record, and, though dated December 10, the district clerk admits, in his testimony above cited, that said marginal entry was not made until after adjournment of the term of the district court—after the district judge had signed said minutes and left the town and county. And no order authorizing an amendment of said record appears anywhere upon the minutes of the proceedings of the district court.

*Geo. C. Herman* and *J. B. Ross,* for appellant.—The initial step of the prosecution in this case being the finding of a true bill of indictment against the defendant by the grand jury of Zavala County, the law of the State requires that such indictment be returned into the proper district court by said grand jury in a body, a quorum thereof being present, and the facts of such presentment of said indictment in open court shall be entered upon the minutes of the proceedings of the court, and unless these requirements of law are strictly complied with, or, if omitted, are properly supplied by way of amendment, there can be no legal prosecution, and the court is without jurisdiction to try the case. Code Crim. Proc., arts. 433, 434; Rev. Stats., art. 1120; Hardy v. State, 1 Texas Crim. App., 556; Walker v. State, 7 Texas Crim. App., 52; Knight v. State, 7 Texas Crim. App., 206; Cox v. State, 7 Texas Crim. App., 495; Dement v. State, 39 Texas Crim. Rep., 271; Anderson v. State, 2 Texas Crim. App., 10; Coates v. State, 2 Texas Crim. App., 16; Houillon v. State, 3 Texas Crim. App., 537; Hill v. State, 4 Texas Crim. App., 559; Jinks v. State, 5 Texas Crim. App., 68; Rhodes v. State, 29 Texas Crim. App., 188; Bailey v. State, 11 Texas Crim. App., 140.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of a simple assualt, and his punishment assessed at a fine of $5; hence this appeal. This prosecution was on an indictment transfered from the District Court of Zavala County to the county court, the indictment being for an aggravated assault. Appellant made a motion to quash and dismiss the case in the county court because, as he alleged, the indictment was not regularly presented in the district court; that no order was entered during the term of said district court showing the presentation of said indictment therein. The evidence elicited on this subject shows that the district court adjourned on December 10th, and on some account

the minutes showing the presentation of said indictment in the district court were not entered during the term, but after the adjournment of the term.   Said order was entered on the margin of said minutes, to wit:  "December 10, this day the grand jury came into open court, a quorum thereof being present, and presented to the court through their foreman, the following indictment, to wit:"   Then follows the file number of the indictment, with the name of appellant and the offense.   The court overruled the motion to dismiss.   Appellant reserved an exception and assigns this action of the court as error.   Article 433 Code or Criminal Procedure, requires indictments found by the grand jury to be presented in open court.   Article 434 requires the fact of a presentation of indictment in open court by a grand jury to be entered upon the minutes of the proceedings of the court.   It has been held that this requirement of the law must be complied with.   See authorities cited in sec. 330, White's Ann. Code Crim. Proc.   However, an objection to the failure to make this entry must be made in limine; that is, before or at the trial of the case.   See authorities cited in sub. 4 sec. 330, White's Ann. Code Crim. Proc.   The record may be amended as to such omission by order nunc pro tunc even at a subsequent term.   Sec. 330, subdiv. 5, supra.   In this case it appears that motion was made at the earliest opportunity; that is, after the case was transferred to the county court when it was called for trial.   We hold that the motion to dismiss should have been granted, and the case returned to the district court, when, at the succeeding term, the minutes might have been amended.   Hardy v. State, 1 Texas Crim. App., 556; Walker v. State, 7 Texas Crim. App., 52; Ewing v. Perry, 35 Texas, 778; Ex parte Ellis, 37 Texas Crim. Rep., 539.   The cases cited show that the order of presentment must be made and entered of record in the minutes of the district court.   Of course, this apprehends that said order must be entered during the term and not after the term.   Article 1120, Revised Civil Statutes, requires that all the proceedings of the district court shall be read and corrected, and then signed in open court by the judge.   This clearly cuts off an entry by the clerk or signing by the judge after the adjournment of the court; and as we understand no judge is authorized to have his minutes made up after the adjournment of the court, nor is he authorized to sign the minutes leaving a space to be filled in by the clerk after court has actually adjourned.   To authorize such a proceeding would be exceedingly unsafe and would inevitably open the door to confusion and fraud, as to the orders of the court.

For the error of the court overruling the motion, the judgment is reversed and the cause remanded.

*Reversed and remanded.*