### STATE v. BARRY. (No. 9325.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 6, 1919.)

1. INJUNCTION ⬥228 — AGAINST SUNDAY OPERATION OF THEATER NOT VIOLATED BY OPERATION BY LESSEE.

Proprietor of motion picture show enjoined at suit of the state from operating on Sunday was not guilty of a contempt through violation of such injunction pending his appeal on account of the operation of his theater by his lessee in good faith who had sole control.

2. NUISANCE ⬥65—SUNDAY OPERATION OF MOTION PICTURE THEATER NOT NUISANCE AUTHORIZING INJUNCTION.

Sunday operation of a motion picture show in a quiet, orderly, and dignified manner, so as not to interfere with members of the public in their various pursuits, all pictures shown having been duly censored, *held* not a public nuisance to authorize a court of equity to issue writs of injunction, though the act charged constituted violation of a criminal statute, Pen. Code 1911, art. 302.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by the State of Texas against A. J. Barry. From judgment for plaintiff, defendant appeals; plaintiff moving that defendant be cited for contempt. Judgment reversed, and writ of injunction previously issued set aside.

Conner & McRae, for appellant.
W. H. Sewell and G. G. Hazel, both of Eastland, for the State.

CONNER, C. J. On July 18, 1919, Hon. Joe Burkett, judge of the district court of Eastland county, granted a temporary writ of injunction against A. J. Barry, enjoining the said A. J. Barry from operating on Sunday a moving picture show in the city of Eastland, charging admission fees to the performances. From this order, an appeal was duly prosecuted to this court by the said Barry. The appeal was perfected on August 1, 1919, the transcript being filed in this court on the 2d day of August, 1919. While the appeal was so pending, the district court, over which Hon. Joe Burkett presided, met in regular session and on, to wit, the 12th day of September, 1919, in due course and order, entered a judgment that the temporary writ of injunction theretofore issued, and hereinbefore referred to, should be made final, and the said A. J. Barry was perpetually enjoined from operating his said picture show on Sunday. From this latter judgment, the said Barry also has appealed, the appeal being perfected on the 1st day of October, 1919, and the transcript having been filed on the 17th day of October, 1919. On the 25th day of October the two causes were consolidated in this court.

Yet later, to wit, on the 7th day of November, 1919, the state of Texas, by her county attorney of Eastland county, filed in this court a motion, alleging that on Sunday, November 2, 1919, the said A. J. Barry knowingly and willfully in disobedience to said injunction theretofore issued and made final, as stated, opened his moving picture show and gave performances therein and charged admissions therefor in open violation and disobedience of said writ of injunction. The motion was duly verified by the county attorney and supported by the affidavit of one J. B. Nalls, and the prayer was that said Barry be cited before this court to show why he should not be fined for contempt for the violation of said writ of injunction, and both appeals and the motion referred to are now before us for determination.

In answer to the motion, it is insisted that it should be denied on the ground that the judgment of the district court was void in that it was without power to order the issuance of the writ of injunction restraining the violation of a criminal statute, to wit, article 302 of the Penal Code, penalizing proprietors of any place of public amusement for operating such place for the purpose of traffic on Sunday.

It is true that in another case against this same appellant this court held that an injunction did not lie from a court of equity to restrain the operation of a moving picture show where no property rights of the complainant were involved. See Barry v. State, 212 S. W. 304. While it must be conceded that there is no express authority authorizing one of our district courts to issue a writ of injunction to restrain the violation of the criminal statute referred to, amounting to no more than a misdemeanor, and while it is true, as indicated, that we have decided that our district courts were not clothed with authority to issue writs of injunction to restrain the commission of such misdemeanors, yet we do not feel prepar-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed to hold that where a writ of injunction had, as here, been in fact issued, and while such writ was yet pending and the question involved yet undetermined, the party enjoined may, in open disregard of the court's order violate the writ. The questions involved in the final determination of the validity of the order and the question of whether the orders of the court seeking, as in good faith we must assume, to maintain the law, should be respected, are altogether different. However, we do not find it necessary to decide the question and do not decide it. We are but mooting the question for the purpose of calling attention thereto, inasmuch as we think the motion in contempt must be denied upon another very plain ground. Blair v. U. S., 250 U. S. 273, 39 Sup. Ct. 468, 63 L. Ed. 979.

[1] The appellant by duly verified answer to the motion, in addition to the contention above noted, shows that prior to November 2, 1919, to wit, on the 2d day of October, 1919, the said A. J. Barry had duly leased his said picture show and premises to one Robert M. Morris for a period of six months, with the privilege of renewal of another six months, at a monthly rental of $750 and thereafter had not exercised any control. The facts stated are supported by an affidavit of appellant and by a verified copy of the lease referred to, and the appellee, the state, makes no denial of the facts stated, nor attacks the validity or good faith of the lease. From the affidavit and lease in connection therewith, it appears that appellant had neither authority nor control of his picture show on November 2, 1919, and was not guilty of the contempt charged, and the prayer of the motion must therefore be denied.

This brings us to the determination of the questions involved on the merits of the appeal. The writer feels indisposed to attempt to lengthily elaborate the concise statement of the law as this court views it, given by Mr. Justice Dunklin in the case of Barry v. State, 212 S. W. 304, above referred to. It may not be amiss, however, to add in answer to the very vigorous contention of the county attorney that the continued operation of appellant's picture show was in open contempt of the law, that the contention is one that should be addressed to the Legislature and courts having jurisdiction over criminal cases, rather than to courts clothed alone with civil powers. Thus far the Legislature has seen proper to assess a penalty of "not less than $20 nor more than $50" for a violation of the statute charged in this case, and has further provided in article 1618 of the Penal Code that, if it be shown on the trial of a misdemeanor that the defendant has been once before convicted of the same offense, he shall, on the second conviction, receive double the punishment prescribed for such offense in ordinary cases; and upon a third, or any subsequent conviction for the same offense, the punishment shall be increased, so as not to exceed four times the penalty in ordinary cases. If it shall be found that fines thus authorized fail to restrain the offense charged, we know of no reason why the Legislature may not impose yet greater penalties.

[2] In the case before us the agreed statement of facts show that appellant exhibited no pictures that had not been censored by the regular board of censors and approved by such board as being a suitable picture for the public to see; that at all times said show has been conducted in a quite orderly and decent manner; that at no time has there been any disturbance during any of said performances and no rude or uncouth language, and no one has been permitted to enter therein in a state of intoxication; that said performances are conducted without noise or undue disturbance of any kind and in a dignified and orderly manner; that the people in passing in front of said show are not disturbed, molested, or interfered with in their orderly pursuit of their own business; that the operation of said show does not prevent or hinder those, who may desire, from attending church or in the pursuit of any other right or privilege that they may desire. It is further agreed that no property rights of any one was affected by reason of the operation of said show. It cannot therefore be said, we think, that the violations with which appellant is charged in this case amounted to a public nuisance, because of which a court of equity might lawfully issue writs of injunction notwithstanding the acts charged constituted violations of a criminal statute. See 20 R. C. L. bottom page 384, § 7 et seq.

Under the circumstances of this case, we feel that we must adhere to the conclusion announced in the case of Barry v. State, supra, to which we will add Ex parte W. S. Ellis, 37 Tex. Cr. R. 539, 40 S. W. 275, 66 Am. St. Rep. 831; Ex parte M. F. Lake, 37 Tex. Cr. R. 656, 40 S. W. 727, 66 Am. St. Rep. 848; State v. Clark, 79 Tex. Civ. App. 559, 187 S. W. 760; 14 R. C. L. 376.

It is accordingly ordered that the judgment below be reversed, and that the writ of injunction heretofore issued in this case be set aside and held to be of no force, and that this judgment be certified to the court below for observance.