*J. Rariden*, for the appellants.

*O. P. Morton* and *L. Develin*, for the appellee.

---

HOLLINGSWORTH and Another *v.* THE STATE on the relation of HARVEY and Wife.

In all actions against guardians and their sureties, the Circuit Court and Common Pleas have concurrent jurisdiction.

In appeals to this Court, a specific assignment of all errors relied upon must be made.

A party will not be permitted to assign one class of errors, and argue another.

An assignment of errors is in the nature of a declaration or complaint.

Under the old practice, the infancy of the plaintiff was available in abatement only.

Under the new practice, the fact that the plaintiff has not legal capacity to sue, must be taken by answer—otherwise, the objection is waived.

A general denial does not, generally, put an immaterial allegation in issue.

A suit concerning the separate property of the wife, may, under our statute, be properly brought in the name of husband and wife, or by the wife alone.

APPEAL from the *Union* Court of Common Pleas. STUART, J.—*Hollingsworth* had been the guardian of

VOL. VIII.—17—*

*Delitha Butler.* While yet a minor *Delitha* intermarried with *Thomas B. Harvey.* This was a suit on the guardian's bond. Judgment for the State for 1,176 dollars. *Hollingsworth* and sureties appeal.

The complaint was demurred to for want of jurisdiction, and the demurrer overruled. And correctly. In all actions against guardians and their sureties the Circuit Court and Common Pleas have concurrent jurisdiction. 2 R. S. p. 17, s. 5.

Three several errors are assigned, and, as to form, they are sufficiently specific. But in the argument, the errors assigned are not alluded to; and five other points are made and argued, which have no relation to the errors assigned. It is further fatal to the points made in argument, that they were not made in the Court below. *Priddy* v. *Dodd,* 4 Ind. R. 84. And if they had been made there, we must regard them as abandoned by the assignment of errors. A specific assignment of all errors relied upon must be made. 2 R. S. 161. It is the assignment of errors which informs the appellee what he is called upon to answer. That assignment is in the nature of a declaration or complaint. To permit a party to assign one class of errors and argue another, would be to contenance connivance and unfair practice. The appellee looks to the errors assigned. When he has answered them, he has no reason to expect there is anything behind, save such fatal defects on the face of the record—such as want of jurisdiction—as the Court would feel bound to notice judicially.

It is true the twenty-seventh rule requires an interchange of briefs; but only upon request. Neglect to request such interchange would not impose on the appellee the necessity of answering errors not assigned; nor on us to decide them.

Nor has the defense in this case much merit. The record clearly shows that the guardian was indebted on settlement of his guardianship, to 'the full amount recovered. Instead of leaving the money of his ward at interest secured by mortgage, and due *January* 7, 1855,

he took upon himself to discount the note 4 per cent.; and then proposed to pay it over to *Harvey* and wife at a discount of 10 per cent. To this Mrs. *Harvey* replied as follows:

"*Plainfield,* 12th month 16th, 1853. Respected friend *Thomas Hollingsworth:*—I received thy letter some time since, stating the amount that would be in thy hands at the end of the present year for me; and also containing a proposition for paying the principal of the note on *Thomas Beard* at a discount of 10 per cent. * * * * I do not wish to discount that note on *Beard.* Thy friend *Delitha B. Harvey.*"

Thereupon *Hollingsworth* loaned the money to his son.

When sued he argues that *Harvey* was not of full age; that his majority being alleged in the complaint was put in issue by the general denial of the answer. The allegation of *Harvey's* age was immaterial. His competence to sue will be presumed until the contrary appear. Besides, the general denial admitted the character in which the plaintiff sued. *Linville* v. *Earlywine,* 4 Blackf. 469.

Under the old practice, the infancy of the plaintiff was available in abatement only. 1 Chitty, 448.—2 Saund. 299, a.—7 Johns. 373.—8 Pick. 552.

Under the new practice, the fact that the plaintiff had not legal capacity to sue must be taken by answer— otherwise, the objection is waived. 2 R. S. pp. 38, 39.

A general denial of an immaterial allegation does not, in this instance at least, put the matter alleged in issue.

Another point of objection urged in argument is, that the effects in the hands of *Hollingsworth* were the separate property of the wife, and hence she should sue alone.

This is equally untenable. The new statute furnishes the rule in this behalf. Thus, where a married woman is a party, her husband must be joined with her, except when the action concerns her separate property she may sue alone. 2 R. S. p. 28. "May" is not here impera-

tive, but permissive. It is clearly left discretionary, in contradistinction to the "must" of the preceding clause. The suit, therefore, though brought for the wife's separate property, may be properly brought in the name of husband and wife, or by the wife alone, at their option.

These points in argument are thus noticed to indicate the scope of the defense. If we do not place the damages at the highest amount, it is only because the sureties may be affected by it. We will therefore adopt the rule in *Hand* v. *Taylor*, 4 Ind. R. 409.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*C. H. Test* and *J. Yaryan*, for the appellants.

*G. W. Julian*, for the appellees.