*J. Ryman, J. S. Scobey,* and *W. Cumback,* for the appellants.

---

### RILEY *v.* MURRAY and Others.

The assignment of errors is a pleading tendering an issue of law.

Every pleading in a court of record should be signed by the party or his attorney.

A proceeding cannot be quashed for a variance between the process and complaint—the variance may be amended.

The causes assigned for demurrer must conform to the specifications of the statute.

An answer setting up the irregularity of proceedings in a court of record of a foreign state, reciting the statutes of such state on the subject of practice, and averring that the judgment of such court was rendered upon evidence known to be false and perjured,—is bad on demurrer.

Nov. Term, 1856.

RILEY
v.
MURRAY.

Friday,
December 12.

APPEAL from the *Allen* Court of Common Pleas.

STUART, J.—Suit instituted on the transcript of a judgment from the State of *Ohio*. *Murray* and others, plaintiffs below, recovered. *Riley* appeals.

The assignment of errors is a pleading tendering an issue of law. The statute regards it in that light when it speaks of appeals standing for trial, &c. 2 R. S. p. 160, s. 560. Thus, also, p. 161, s. 568,—"No pleadings shall be required in the Supreme Court upon an appeal, but a specific assignment of all errors," &c. The appellee shall file his answer thereto. 2 R. S. p. 161, same section.

Every pleading in a court of record should be signed by the party or his attorney. Here, there are fourteen errors assigned, but no signature of any one, either as counsel or party.

The defense has very little merit. It is greatly to be regretted that the constitution had not left with the Court some discretionary power to dispose of such cases summarily. Const. art. 7, s. 4. That provision is operating badly—encumbering the Reports with useless repetition, and crowding the Court with trivial causes.

The case in hand is a fair illustration. A transcript from the Court of Common Pleas of *Allen* county, *Ohio*, shows regular proceedings, a service of process on the defendant by copy delivered to him, and a judgment by default. On that transcript a suit is brought in *Allen* county, *Indiana*.

The first step there, is to move the Court to quash the proceeding because of a variance between the process and complaint. The Court permitted an amendment, so that they accorded with each other, and overruled the motion. The defendant excepted. The action of the Court was correct.

The next step was a demurrer to the complaint, as-

Nov. Term, 1856.

RILEY
v.
MURRAY.

signing for cause in substance—1. That *Murray*, &c., was of full age.  2. That the *prochein ami* had not filed written consent.  3. That the complaint did not contain facts sufficient to entitle the plaintiff to recover. 4. That the judgment declared upon was a nullity.

None of these are statutory causes except the third. The Court correctly overruled that, on the merits, and the others for want of conformity to the statute.  2 R. S. p. 38. .

*Riley*, by counsel, then filed his answer consisting of ten paragraphs.  The first was *nul tiel record*, on which there was issue.  The other nine were severally demurred to and the demurrers sustained.  Of the others, several went to the regularity of the proceedings in the *Ohio* Court, setting out certain practice acts of that State to show the irregularity; and averring that the evidence upon which the judgment was rendered was known to be false and perjured, &c.

To all these the demurrers, assigning the fifth statutory specification, that the facts were not sufficient, were correctly sustained.

The statute gives the Court a wider latitude than seems to be generally understood, to look into the merits of a cause.  It is provided that judgments shall not be stayed or reversed in whole or in part, where it shall appear to the appellate court that the merits of the cause have been fairly tried and determined in the court below.  2 R. S. p. 163, s. 580.  Here, the Court tried the cause by consent, and correctly rendered judgment for *Murray* and others.

We do not discover in the proceedings any material irregularity, but if there was we should feel at liberty to go a good ways, under this statute, to sustain a judgment clearly right on the merits.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.