## THE STATE, on the Relation of CHILDERS, *v.* DELANO and Others.

SUPREME COURT.—*Assignment of Errors.*—On appeal to the Supreme Court, the assignment of errors must contain the full names of the parties to the appeal, and must be signed by the appellant or his attorney *as such;* otherwise, the appeal will be dismissed.

APPEAL from the Marion Common Pleas.

PETTIT, C. J.—The only assignment of error is as follows:
"We assign for error the dismission of the cause from the docket of the court of common-pleas. Trans. line 352, *et seq.*                                         B—— & C——."

This is not a compliance with the statute, 2 G. & H. 275, sec. 568; nor with rule eighteen of this court, which requires that "the assignment of errors shall contain the full names

of the parties, and process, when necessary, shall issue accordingly." Nor does it comply with the rulings of this court. *Henderson* v. *Halliday*, 10 Ind. 24. The assignment of errors is a pleading tendering an issue of law only, and must be signed by the party or by his attorney. The assignment is in the nature of a declaration or complaint, and, therefore, requires the full names of the parties as much as an original complaint, and must be signed by the appellants or their attorneys *as such. Hollingsworth* v. *The State*, 8 Ind. 257.

The names of the parties are not set out in the assignment, nor is it signed by the appellant or his attorneys as such. A strict adherence to the rule is necessary to enable the clerk to see at a glance who are the parties in this court, and against whom to issue process or notice, when required; nor will it be without benefit to attorneys and the court, in examining the record and the questions therein presented.

Appeal is dismissed; judgment for costs against the appellant.

*D. V. Burns* and *V. Carter*, for appellant.

*N. B. Taylor*, for appellees.