## LANG *et al. v.* Cox and Another.

ASSIGNMENT OF ERRORS.—*Names of Parties.*—On an appeal to the Supreme Court, the assignment of errors must state the names of all the parties to the appeal; and if any of the appellants be therein designated only by the words *"et al.,"* the appeal will be dismissed.

APPEAL from the Marion Common Pleas.

WORDEN, J.—It is suggested by counsel for the appellee, or appellees, that the assignment of error is defective in not setting out the names of all the parties, in accordance with the long standing rule on that subject. The assignment sets out the names of the parties as follows: "James Lang *et al. v.* Andrew J. Cox and Joseph B. Dessar." It appears that there are other appellants besides James Lang, whose names are not set out, but who are embraced in the *"et al."*

This case illustrates the propriety of the rule, and the necessity of exercising some care in stating the names of the appellants and the appellees. The errors are assigned against Andrew J. Cox and Joseph B. Dessar as appellees. Dessar, by the record, cannot be made an appellee with Cox. If he is a party to the record in this court, he must be an appellant. The suit was brought below by Cox as sole plaintiff against Marie Darsch, James Lang, and Joseph B. Dessar. On the trial, there was a finding and judgment in favor of Mrs. Darsch; so that she may be supposed to be out of the controversy, inasmuch as Cox, who stood opposed to her in the court below, is pressing nothing against her in this court. There was a finding and judgment in favor of Cox, as against Lang and Dessar. Lang and Mrs. Darsch jointly moved for a new trial, but the motion was overruled, and exception taken. Dessar did not move for a new trial, nor preserve any question in the record. If Dessar and Mrs. Darsch are intended to be included as appellants under the *"et al.,"* their names should be stated. If not, the course should be pursued that is provided for in section 501 of the code; unless, indeed, an appeal will lie under the circum-

stances in the name of Lang alone as appellant, a point which we need not now decide. The name of Dessar was possibly used as an appellee through mistake.

The appeal is dismissed for informality in the assignment of errors, and for want of compliance with the rule on the subject.

*H. A. Brouse*, *J. W. Gordon*, and *W. March*, for appellants.
*J. T. Dye* and *A. C. Harris*, for appellees.