No. 10,253.

THOMA v. THE STATE.

SUPREME COURT.—*Assignments of Error.*—*Practice.*—An assignment of error in the Supreme Court is a pleading tendering an issue of law, and must contain the names of the parties to the cause in full and be signed by the party complaining or his attorney ; if not, the cause will, on motion, be dismissed.

From the Kosciusko Circuit Court.

*A. G. Wood, A. Brubaker* and *J. H. Brubaker,* for appellant.
*D. P. Baldwin,* Attorney General, for the State.

ZOLLARS, J.—Appellant was prosecuted and convicted in

Thoma v. The State.

the court below, under section 2097 of R. S. 1881, for the keeping of a disorderly "liquor shop." From the judgment of that court he has appealed. The record was filed in this court on the 3d day of June, 1882. On the 20th day of the same month the attorney general, representing the State, filed a motion to dismiss the appeal on the ground that there is no sufficient assignment of errors. Upon a paper attached to the record we find the following:

"Assignment of errors."

Following this are five assignments of error, in which the words appellant and appellee are used. From the use of these terms we might infer that the assignments are meant to present questions for the consideration of this court, and by searching the record we learn who the appellant and appellee are; but we can not learn this from the assignment itself, unless the State shall be taken to be the appellant. These assignments are not signed by any one, either as party or attorney.

This court has held a number of times that the assignment of errors is a pleading tendering an issue of law, should contain the names of the parties in full, and be signed by the party complaining or by his attorney. In these respects the assignment in this case is not sufficient, and the motion to dismiss the appeal must be sustained. *Hollingsworth* v. *State, ex rel.*, 8 Ind. 257; *Henderson* v. *Halliday*, 10 Ind. 24; *State, ex rel.*, v. *Delano*, 34 Ind. 52; *Estate of Peden* v. *Noland*, 45 Ind. 354; *Burke* v. *State*, 47 Ind. 528; *Lang* v. *Cox*, 35 Ind. 470; *Darnall* v. *Hurt*, 55 Ind. 275; *Kiley* v. *Perrin*, 69 Ind. 387; *Louisville, etc., R. W. Co.* v. *Head*, 71 Ind. 176; *Todd* v. *Wood*, 80 Ind. 429.

The appeal is dismissed, at the costs of appellant.