## The H. B. Smith Company v. Williams et al.

[No. 3,587. Filed March 20, 1902. Transfer denied June 18, 1902.]

Appeal and Error.—*Assignment of Error.*—*Signature of Party or Attorney.*—An assignment of cross-errors which is not signed by appellee or by his attorney will be stricken out on motion. *p. 339.*

Same.—*Assignment of Cross-Errors.*—*Signature of Attorney.*—An assignment of cross-errors will not be stricken out on motion of a codefendant supported by affidavit that the assignment was prepared under the direction of appellant's attorneys, for the purpose of perpetrating a fraud upon the court, and signed by one who was not the attorney of the party making the assignment, where the attorney whose name was signed to the assignment of cross-errors represented the appellee in the court below, as the court will not impute improper motives to attorneys. *pp. 339, 340.*

Sales.—*Warranty.*—*Pleading.*—*Counterclaim.*—In an action to recover the price of a heater, alleged to have been sold to defendant, the defendant filed a counterclaim alleging that he consulted plaintiff's agents, giving them a full description of the house and they gave him the amount of pipe and sizes of radiators required, and stated to him that the heater in suit was the best one for the purpose of heating his building, and that it would heat his building without trouble or damage. *Held,* that the counterclaim alleged an express warranty, and not an implied warranty. *pp. 340–342.*

Same.—*Warranty.*—*Pleading.*—*Counterclaim.*—A counterclaim in an action for the purchase price of a heater alleging that a large smoke-pipe was attached to the heater to carry off the smoke, and that the smoke would not pass off through the flue constructed for it, but came out into the cellar and house, penetrating every room and hall, is insufficient, where no defect in the heater was pointed out. *p. 342.*

Same.—*Warranty.*—*Pleading.*—*Counterclaim.*—In an action by the manufacturer of heaters to recover the purchase price of a heater sold to defendant, the defendant filed a counterclaim alleging that he purchased the heater from plaintiff's authorized agents and that such agents, in effect, warranted the heater for the purpose for which it was sold. *Held,* that the allegations in the counterclaim were sufficient to connect plaintiff with the warranty, since the warranty was nothing more than the law would imply. *pp. 342, 343.*

From Lawrence Circuit Court; *W. H. Martin,* Judge.

Action by the H. B. Smith Company against T. J. Louden for the purchase price of heater, in which Silas J. Williams was made a defendant on the ground that he claimed some interest in the account. Defendant filed a cross-complaint making plaintiff and Louden defendants, and also against Obey & Co. The latter also filed a cross-complaint against plaintiff and all of its codefendants. From a judgment for defendant Louden, plaintiff appeals, and the other defendants assign cross-errors. *Reversed* as to appellant and Obey & Co. and *affirmed* as to Williams.

*H. C. Duncan* and *I. C. Batman*, for appellant.
*R. W. Miers, E. Corr, T. J. Louden, J. H. Louden, W. E. Hottel* and *T. S. Gerhart*, for appellees.

Wiley, J.—Appellant sued appellee Louden to recover the price of a Mercer boiler, alleged to have been sold to him by it. Appellee Williams was made a defendant, and it was averred that he claimed some interest in the account. The complaint was in two paragraphs. In the first it was alleged that the sale was made directly to Louden by appellant, and in the second it was averred that Williams, who was doing business under the firm name and style of Obey & Co., by an arrangement between them, took orders for boilers, and forwarded the orders to appellant to be filled. It was averred in this paragraph that Louden gave an order to Obey & Co. for one Mercer boiler; that said order was transmitted to appellant and accepted; that the boiler was shipped directly to, and accepted by Louden, and placed in his residence for heating purposes. Appellee Williams answered by general denial. He also filed a cross-complaint making appellant and Louden defendants thereto, and averring that Louden was indebted to him for the price of the boiler, and that the H. B. Smith Company was claiming an interest in the account, which claim was unfounded. Appellee Louden answered in three paragraphs: (1) A

denial; (2) payment; and (3) counterclaim. The counter-claim averred that the boiler did not work satisfactorily; that it smoked, and did great injury to his property. He also filed a cross-complaint against appellant, and all the 'other appellees. The cross-complaint contained substanti-ally the same averments as the counterclaim, except that it sought to recover damages against all of the defendants thereto. The appellees, Williams and Obey & Co., each filed a cross-complaint against the plaintiff, and all their code-fendants. In these cross-complaints the cross-complainants each claimed that they furnished the appellee Louden the heater or boiler, and demanded that the cross-defendants, other than Louden, be required to answer as to their re-spective interests in the subject-matter in litigation. The case was put at issue upon the complaint and cross-com-plaints. Trial by jury, and a general verdict in favor of appellee Louden. Motion for a new trial overruled.

Errors assigned by appellant bring in review the overrul-ing of the demurrer to Louden's counterclaim and cross-complaint, overruling demurrer to "appellee Louden's third answer," and overruling the motions for a *venire de novo,* and for a new trial. Appellees, Obey and Eynon and Will-iams, have assigned cross-errors. The cross-errors assigned by Obey and Eynon are the overruling of their demurrers to the cross-complaint of Louden, and their motion for a *venire de novo,* and for a new trial. The cross-error as-signed by Williams is the overruling of his demurrer to Louden's cross-complaint. Appellee Louden has filed a motion to strike out the assignment of cross-errors by Will-iams and Obey and Eynon, and the ruling on this motion was postponed until final hearing. The grounds of the motion are: (1) That the assignment of cross-errors was prepared by counsel for appellant, and for the purpose of perpetrating a fraud on the court; (2) that the signature of T. S. Gerhart to the assign-ment of cross-errors of Williams, was not made by

him, is not his signature, and was signed thereto without his knowledge, permission, or consent; (3) that said Gerhart is not a practicing attorney, was never admitted to the bar, and was never employed by Williams; and (4) that W. E. Hottel, whose name as attorney is signed to the cross-errors of Obey and Eynon, was never employed as an attorney for them. The motion is supported by affidavit. It is clearly shown that Gerhart was a law student; had never been admitted to the bar; that he did not sign the assignment of cross-errors of appellee Williams, or authorize any one to sign his name thereto.

Appellant's counsel admit that the assignment of cross-errors was prepared in their office, under their direction, and in their counter-affidavit make no denial of the facts stated in regard to Gerhart. Hottel, whose name as attorney is signed to the assignment of cross-errors of Obey and Eynon, was their attorney in the trial of the cause below, as shown by the record; and, while the affidavit in support of the motion to strike out states that he was not so employed, we do not think the affidavit can prevail in the face of the record. Neither the motion nor the affidavit state that he did not sign the assignment of cross-errors, but the affidavit virtually admits that he did. Gerhart had no connection with the trial of the cause, as is shown by the record. He had never been admitted to practice law, and hence, was not bound by any oath, as required by law. The assignment of errors, or cross-errors, is a pleading and must be signed by appellant or appellee, or by their attorneys as such. *State* v. *Delano,* 34 Ind. 52; *Thoma* v. *State,* 86 Ind. 182; *Levi* v. *Bray,* 12 Ind. App. 9; Ewbank's Manual, §131. It appearing from the showing made that the assignment of cross-errors of Williams is not signed by an attorney, or by him, it follows that there is no assignment of cross-errors as to him. The motion, therefore, to strike out the cross-errors of Williams is sustained, and overruled as to the cross-errors of Obey and Eynon. In this ruling we think it proper to

say that we do not impute to counsel for appellant any improper motives, nor indulge in the belief that they intended to perpetrate any fraud on the court.

As the counterclaim and cross-complaint of Louden are substantially the same, they may be considered together. Counsel for appellant say in argument that they are in doubt as to whether these pleadings are based upon fraud, or a warranty. We are clear that they rely upon a warranty, and no attempt is made to plead fraud. So they must be good upon that theory or not at all. The counterclaim avers that appellant was the manufacturer of the Mercer boiler or heater; that Obey & Co. were its authorized agents; that appellee Louden had erected a dwelling-house, and wanted to heat it with hot water; that he consulted Obey & Co., giving them a full description of his house, size and dimensions of the rooms and halls; that they gave him the amount of pipe, and sizes of the radiators required, and stated to him that the Mercer heater was the best one for the purpose of heating his building; that if he would put in a nine-section No. 1 Mercer heater, it would answer all purposes,—warm his building without trouble or damage; that relying upon said representations and believing them to be true, appellee purchased from Obey & Co. said heater; that they shipped the pipes and radiators as agreed; that the same were placed in position in their proper places, with a good large smoke-pipe to said heater to carry off the smoke; that subsequently appellee attempted to use the heater and placed a fire in the same; that it was not reasonably fit for said purpose, was defective, and wrongly constructed, and would not do good work in this: that it smoked, and the smoke would not pass off through the flue, but came into the cellar and house, penetrating to every room and hall; that the walls and ceilings of the several rooms and halls had been decorated with fine paper, and the woodwork and floors oiled and varnished; that the smoke from the heater tarnished the paper and destroyed the luster thereof, and

colored and tarnished the oil and varnish on the woodwork until said paper and varnish had been ruined, to his damage, etc.

The objections urged to the counterclaim are: (a) that it does not aver the character and extent of the warranty; (b) the nature and particulars of the breach, or that the defect is in the article warranted; and (c) that there are no averments connecting the appellant with the contract of warranty. The question to be first determined is as to the character of the warranty disclosed by the pleading, i. e. whether it is an express or an implied warranty. Appellee Louden claims that it is an implied warranty, and, therefore, the counterclaim is good against a demurrer. In this view of appellee we can not concur. If the counterclaim shows a warranty, it is an express one. It charges that appellee gave Obey & Co. a full description of his house, the size of the rooms, halls, and cellars, and how he wanted the same heated. That, thereupon, Obey & Co. gave him the amount of pipe, the different sizes of the radiators, and stated that the Mercer heater was the best one for the purpose of heating his building. They also informed him, as he avers in his pleading, that if he would put in a nine-section No. 1 Mercer heater, it would answer all purposes,—warm his building without trouble or damage. He then avers that he relied upon said promises and representations, and believed them to be true, and upon such promises and representations purchased the heater. Louden informed Obey & Co. that he wanted a heater to heat his house, and they made the representations just stated.

No particular form of words is necessary to create a warranty. It is the subject-matter of the statement, and the circumstances under which it is made, rather than its form, which are to be considered. 28 Am. & Eng. Ency. of Law, 747, and authorities there cited. A warranty is express when created by the apt and explicit statements of the seller. 28 Am. & Eng. Ency. of Law, 742; Black's Law Dict.;

Tiedeman on Sales, §182; *Neave* v. *Arntz,* 56 Wis. 174, 14 N. W. 41. In this instance the seller, as shown by the pleading, stated to Louden just what the heater would do,— warm his building without trouble or damage. This makes it an express, and not an implied, warranty. The breach of the warranty averred in the counterclaim is that the "heater was not reasonably fit for said purpose, and was defective and wrongly constructed, and would not do good work in this: that it smoked, that the smoke would not pass off through the flue that was constructed for it, but came out into the cellar and house," etc. The counterclaim avers that a large smoke-pipe was attached to said heater to carry off the smoke, and that the smoke would not pass off through the flue constructed for it. No defect in the heater is pointed out, except that the smoke was not carried away. This does not amount to saying that the heater was improperly constructed, or was not constructed of good material. The counterclaim is defective in not showing that the smoke-pipe was properly connected with a chimney or flue of sufficient capacity and draft to carry off the smoke.

This court has recently held that an answer alleging that a machine sold and warranted was not well built or of good material, and was totally unfit to do the work for which it was intended, was insufficient, in failing to allege the particulars of the breach. *Woodruff* v. *Hensley,* 26 Ind. App. 592. See authorities there cited. The fact that the heater smoked, and that the smoke was not carried away, does not necessarily imply that it was in any manner defective in construction or material. If the fault was with appellee in connecting the heater with a flue or chimney of insufficient capacity and draft to carry off the smoke, then such fault could not be charged to appellant.

As to the last objection,—that there are no averments connecting appellant with the contract of warranty,—we are inclined to think that it is not well taken. The pleading avers that Obey & Co. were the authorized agents of appel-

lant to sell heaters. Obey & Co. being authorized agents of appellant to sell its heaters, it does not necessarily follow that they had authority to make contracts of warranty, but such authority may be inferred under certain circumstances. The rule governing in such cases is stated by Tiedeman on Sales, §183, as follows: "Since implied warranties' are involuntary incidents of the contract of sale, no question can arise as to the power of agents to bind their principals by them; for if the agent has the power to sell, the warranty will be implied from the sale. And if the express warranty is nothing more than what the law will imply, the principal would be bound by it," etc. *Murray* v. *Smith,* 4 Daly 277; *Schuchardt* v. *Allens,* 1 Wall. 359, 17 L. Ed. 642; *Dayton* v. *Hooglund,* 39 Ohio St. 671; *Andrews* v. *Kneeland,* 6 Cow. 354. In this case the warranty was express, but it is nothing more than the law would imply, for the heater was sold for a special purpose, and that carries with it an implied warranty that it was reasonably fit for such purpose. *Merchants, etc., Bank* v. *Fraze,* 9 Ind. App. 161, 53 Am. St. 341; *Zimmerman* v. *Druecker,* 15 Ind. App. 512; *Fitzmaurice* v. *Puterbaugh,* 17 Ind. App. 318. We are of the opinion that, under the authorities cited, the contract of warranty is sufficiently connected with appellant.

As the averments of the cross-complaint of Louden are in all essential particulars the same as in his counterclaim, what we have said as to the latter applies to the former. The separate demurrer of Obey & Co. to the cross-complaint of Louden presents the same question raised by the demurrer of appellant. The conclusion we have reached makes it unnecessary to consider alleged errors subsequent to overruling the demurrer to the counterclaim and cross-complaint.

Judgment reversed as to appellant, and appellees Obey & Co., and the court is directed to sustain the separate demurrer of appellant to the counterclaim and cross-complaint, and to sustain the separate demurrer of appellees Obey & Co. to the cross-complaint of Louden. Judgment affirmed as to appellee Williams.