## RUBEY ET AL. *v.* HOUGH ET AL.

[No. 19,914. Filed May 15, 1903. Motion to reinstate overruled June 25, 1903.]

APPEAL AND ERROR.—*Assignment of Errors.*—*Failure to Sign.*—A paper purporting to be an assignment of errors which is not signed by appellants nor their attorneys can not be considered on appeal as an assignment of errors.

From Randolph Circuit Court; *W. A. Thompson,* Special Judge.

Proceeding by John Hough and others for the construction of a ditch, to which John C. Rubey and others remonstrated. The circuit court dismissed an appeal from an order establishing the ditch, and remonstrators appeal. *Appeal dismissed.*

*J. S. Engle, F. S. Caldwell* and *W. G. Parry,* for appellants.

*T. W. Hutchens, G. H. Ward, J. W. Macy, J. P. Goodrich* and *A. L. Bales,* for appellees.

JORDAN, J.—This proceeding was originally instituted before the board of commissioners of Randolph county for the construction of a public ditch under §5655 *et seq.* Burns 1901. Such proceedings were had therein as resulted in the board, on April 6, 1901, ordering the ditch to be established and constructed. From this order appellants (remonstrators therein) appealed to the Randolph Circuit Court. Appellees (the petitioners) entered a special appearance in the circuit court on May 23, 1901, and moved to dismiss the appeal on the ground, among others, that the remonstrators had not seasonably filed their remonstrance in the matter before the board of commissioners. This motion the lower court sustained and on July 10, 1901, entered an order dismissing the appeal. From this order appellants appealed and, on July 9, 1902, filed a

transcript of the proceedings in the office of the Clerk of the Supreme Court.

Counsel, in their brief, insist that the lower court erred in dismissing the appeal. A paper or document, not signed or subscribed by any of the appellants or their attorneys, purporting to be a joint and several assignment of errors, is attached to the transcript. An examination of the record convinces us that the action of the lower court in dismissing the appeal was proper, but we are not in a position to consider and decide the questions which appellants seek to present, for the reason, as stated, that the paper which professes to be an assignment of errors is neither subscribed by them nor their counsel. An assignment of errors in this court on the appeal of a cause is appellant's pleading, tendering an issue of law. It may be said to be the very foundation upon which he rests his right to require the court to examine and review the errors imputed to the trial court. It is essential in order to invoke the appellate power of the court, and in its absence such power can not be properly exercised. Elliott, App. Proc., §§300, 303. Unless the assignment is subscribed as required, it can not be regarded or considered for the purpose intended, for, under the circumstances, it is the equivalent of no assignment, and the appeal in such case must be dismissed. This has been the settled rule in this court for a period of over thirty years. See *State, ex rel.,* v. *Delano,* 34 Ind. 52; *Peden* v. *Noland,* 45 Ind. 354; *Thoma* v. *State,* 86 Ind. 182, and cases cited; *Bacon* v. *Wilhrow,* 110 Ind. 94; Ewbank's Manual, §131.

Appeal dismissed at the cost of appellants.

Monks, J., did not participate in the decision of this case.