CHILCOTE v. JORDAN.

[No. 26,670. Filed October 21, 1936.]

*George A. Hofman,* for appellant.

*Johnson & Zechiel,* for appellee.

HUGHES, C. J.—It appears from the briefs filed in this cause that it was an action for slander filed by the appellant against the appellee; that the appellee, defendant below, on September 20, 1934, filed a plea in abatement to the complaint, and, on September 22, the plaintiff, appellant here, filed an answer in general denial to the plea in abatement. On June 29, 1935, the court found for the plaintiff on the plea in abatement; and later, on November 25, 1935, the court, without notice to the plaintiff, vacated its ruling made on June

29, 1935, and rendered judgment for the defendant on the plea in abatement.

The plea in abatement, which was sworn to, stated that the defendant, before trial or judgment, died on September 4, 1934, and has asked that the cause of action abate. The appellant does not question the fact that th defendant (appellee) died on September 4, 1934, and we need not pass upon the question as to whether or not the lower court erred in its ruling on November 25, 1935.

There was no proper assignment of errors. The appellee, Arthur Jordan, is dead and was deceased, as shown by the plea in abatement long prior to the time judgment was rendered upon the plea in abatement. He is the only one named as appellee in the assignment of errors; neither his estate, administrator, or executor, is named or substituted in the assignment of errors. As far as the record shows, no one was substituted as party defendant after the death of appellant. The assignment of errors is the appellant's complaint in this court, and it is clear that the court cannot have jurisdiction over one named as appellee who was dead at the time the judgment was rendered, and the appeal taken.

Cause dismissed.