## HARRIS ET AL. *v.* DAVIS ET AL.

[No. 15,864. Filed March 1, 1937.]

*Gilbert A. Elliott* and *George A. Crane,* for appellants.

*D. Preston Calvert,* for appellees.

WOOD, C. J.—This is a vacation appeal. Those parties named and designated as appellees in the assignment of errors have appeared specially and filed their verified motion to dismiss this appeal, for defect of parties appellee, alleging that certain parties, twelve in number, named in the motion, are all co-parties of the named appellees in the judgment from which this appeal is taken; that they have not been named as appellees or appellants in the assignment of errors, and that there has been no notice of this appeal served upon them, and that therefore this court does not have jurisdiction of this appeal, because of defect

of parties appellee, and lack of notice served upon them.

The transcript which was filed in this court September 2, 1936, shows that the appellants filed their amended complaint in the lower court seeking a judgment, declaring the last will and testament of one Ferris P. Peters invalid, to have the probate thereof set aside, and to substitute and admit to probate in lieu thereof the joint and mutual will of said Ferris P. Peters and his wife, Emma S. Peters, who preceded him in death. The will of Ferris P. Peters, which is set out in said amended complaint as a part of the allegations thereof, names the appellees and the twelve parties set out in their motion to dismiss as beneficiaries under said will. They were all made parties defendant to the amended complaint, and as above stated are parties to the judgment in their favor, from which this appeal is prosecuted.

In the recent case of *Gary State Bank* v. *Gary State Bank et al.* (1936), 102 Ind. App. 342, 2 N. E. (2d) 814, where the record disclosed a defect of parties appellee this court said (p. 346) : "An assignment of errors is one of the requisites of an appeal. It constitutes appellant's complaint in this court, and this court has no jurisdiction over a party adverse to appellant in the judgment appealed from who is not named in the assignment of errors as appellee, and no power to disturb the judgment where any person in whose favor it was rendered is not made a party to the appeal." Citing *Voss* v. *Balz* (1932), 203 Ind. 221, 179 N. E. 552; *Haley* v. *Lawson* (1934), 99 Ind. App. 411, 192 N. E. 760. See also *In re Wiles; In re Gibbs* (1935), 208 Ind. 271, 195 N. E. 572.

The verified motion to dismiss, the truthfulness of which is not questioned, and which is supported by the record shows that "First Christian Church of Lafayette, Indiana, Myron B. Morgan, Alva E. Kemmer and J. Frank Smith, Trustees of the First Christian Church

of Lafayette, Indiana, John Bryant, Gladys Miller, Maude Turner, Ruth Parker, Allen T. Peters, Jennie Smith (Kreke), Florence Stingley, Cort Peters, Anna Lank, Emma Buck, and Springvale Cemetery Association" were parties to the judgment from which this appeal is being prosecuted and that they are interested in having said judgment maintained. As disclosed by the record, they have not been made parties to this appeal, and no notice thereof has been served upon them, so we are without authority to disturb the judgment of the lower court for want of jurisdiction over necessary parties.

The motion to dismiss is sustained.

Appeal dismissed.