CORTEZ ET AL. *v.* FREED ET AL.

[No. 16,218. Filed October 21, 1938.]

*George E. Hershman* and *Samuel F. Sirois,* for appellants.

*Herbert T. Johnson,* for appellees.

DUDINE, C. J.—This is an attempted appeal from an award of the Industrial Board.

Appellees have filed a motion to dismiss this appeal on the ground that the assignment of errors, although

filed in due time, was not signed by appellants or any of them or by their attorney until after the time for perfecting an appeal had expired.

Prior to the filing of said motion to dismiss the appeal appellants filed a petition to amend the assignment of errors, in which petition it was averred that the assignment of errors was not signed by appellants, or by counsel for any appellant, until after the time for filing it had expired. Said petition to amend the assignment of errors was denied.

"An assignment of errors in this court on the appeal of a cause is appellant's pleading, tendering an issue of law. It may be said to be the very foundation upon which he rests his right to require to examine and review the errors imputed to the trial court. It is essential in order to invoke the appellate power of the court, and in its absence such power can not be properly exercised. Elliott App. Proc., Secs. 300, 303. Unless the assignment is subscribed as required, it can not be regarded or considered for the purpose intended, for, under the circumstances, it is equivalent to no assignment, and the appeal in such case must be dismissed." *Rubey* v. *Hough* (1903), 161 Ind. 203, 204, 67 N. E. 257. See also *H. B. Smith Co.* v. *Williams* (1902), 29 Ind. App. 336, 63 N. E. 318.

Appeal dismissed.