DAVIS ET AL. *v.* PELLEY.

[No. 28,777. Filed January 16, 1952.]

*J. Emmett McManamon,* Attorney General; *John Ready O'Connor* and *George W. Hand,* Deputy Attorneys General; and *Frances R. Neal,* Prosecuting Attorney of 24th Judicial Circuit, for appellant.

. *George A. Henry,* of Indianapolis, *N. George Nasser,* of Terre Haute, *Lawrence C. Cloe,* of Noblesville; and *Connor D. Ross* (of counsel), of Indianapolis, for appellee.

BOBBITT, J.—On February 17, 1950, appellee filed a petition for writ of *habeas corpus* in the Hamilton Circuit Court. The petition alleged that appellee was unjustly detained and illegally held in custody by Carey M. Davis, sheriff of Hamilton County, Indiana, under an alleged warrant of arrest issued by the Governor of the State of Indiana as a result of a demand by the State of North Carolina for the extradition of appellee as an alleged fugitive from justice. The issues were closed by proper pleadings and the cause was submitted to the court on the pleadings and evidence adduced at the hearing. On December 22, 1950, the Hamilton Circuit Court entered its finding and judgment releasing appellee from the custody and restraint of appellant, Carey M. Davis. On January 1, 1951 Roland Guilkey succeeded Carey M. Davis as sheriff of Hamilton County. On January 19, 1951 appellant, Roland Guilkey, filed a purported motion for a new trial, which was overruled on February 23, 1951. From this order appellant, Roland Guilkey, attempts to prosecute this appeal to this court.

Transcript of the record was filed in this court on April 18, 1951. On April 26, 1951 appellee filed his special appearance and motion to dismiss this appeal on the grounds, among others, that there was no order by the trial court substituting the said Roland Guilkey as defendant before the filing of the motion for a new trial, and that the purported *praecipe* was not signed by any party to the proceedings.

An examination of the record for the purpose of determining the questions raised in appellee's motion

to dismiss discloses that the assignment of errors, omitting caption, reads as follows:

## "ASSIGNMENT OF ERRORS.

"CAREY M. DAVIS, former Sheriff and ROLAND GUILKEY, Sheriff of Hamilton County, Indiana, appellants herein say that there is manifest error in the judgment in this cause, in this to-wit:

"1. The Circuit Court of Hamilton County, Indiana erred in overruling the appellant's motion for a new trial.

"WHEREFORE, the appellant prays the proceedings of the Hamilton Circuit Court be in all things reversed.

"(Signed)    J. EMMETT McMANAMON
                    Attorney General of Indiana"

At no place does the record show the substitution of a new party, or parties, defendant in the court below.

The assignment of errors constitutes appellant's complaint in this court, *Second Nat. Bank of Robinson, Ill.* v. *Scudder* (1937), 212 Ind. 283, 286, 6 N. E. 2d 955; *Chilcote* v. *Jordan* (1936), 210 Ind. 587, 588, 4 N. E. 2d 186; *In re Wiles* (1935), 208 Ind. 271, 275, 195 N. E. 572; it is a requisite to any appeal, and without a proper assignment of errors no jurisdiction is conferred upon this court. *In re Wiles, supra; Magill* v. *Cox* (1859), 12 Ind. 634; *Harris* v. *Davis* (1937), 103 Ind. App. 214, 215, 6 N. E. 2d 722; *Gary State Bank* v. *Gary State Bank, Admr.* (1936), 102 Ind. App. 342, 346, 2 N. E. 2d 814; *Gedney and Sons, Inc.* v. *Tinner* (1933), 95 Ind. App. 544, 546, 183 N. E. 886; *Debs* v. *Dalton* (1893), 7 Ind. App. 84, 88, 34 N. E. 236; Rule 2-6, Sup. Ct. of Ind., 1949 Revision.

Although the rules of this court do not specifically provide that the assignment of errors be signed, the general rules of pleading are applicable and ■ it should be signed by the party or his attorney. *Estate of Joseph Peden* v. *Noland* (1873), 45 Ind. 354; *State ex rel. Childers* v. *Delano* (1870), 34 Ind. 52; *Riley* v. *Murray* (1856), 8 Ind. 354, 355; *Boes* v. *Grand Rapids & I. R. Co.* (1915), 59 Ind. App. 271, 274, 108 N. E. 174, 109 N. E. 411; and a paper purporting to be an assignment of errors which is not signed by the party, or his attorney, cannot be considered as such on appeal. *Rubey* v. *Hough* (1903), 161 Ind. 203, 204, 67 N. E. 257; *Cortez* v. *Freed* (1938), 105 Ind. App. 640, 16 N. E. 2d 969.

It is apparent upon the face of the record that the purported assignment of errors herein is not signed by a party to the action. It is likewise apparent, that said purported assignment of errors is signed by the Attorney General of Indiana in his official capacity.

The question then arises, can the Attorney General, in his official capacity, prosecute an appeal of a *habeas corpus* proceeding such as the action herein, or can he in such capacity represent a county sheriff as attorney in such appeal?

The office of the Attorney General is one of ■ delegated powers. *State ex rel. Young* v. *Niblack* (1951), 229 Ind. 596, 99 N. E. 2d 839, 842.

In *State ex rel. Young* v. *Niblack, supra,* at page 602, (99 N. E. 2d 839, 841), this court said:

"When a public officer derives his power and authority solely from the statute, 'unless a grant of power and authority can be found in the statute it must be concluded that there is none.'"

A careful examination of the statutes discloses no grant of power or authority which would authorize

the Attorney General, in his official capacity, to prosecute this attempted appeal, or to represent appellants herein in his capacity as Attorney General of Indiana.

The Acts of 1935, ch. 49, §10, p. 134; §9-428, Burns' 1942 Replacement, provides that when a writ of *habeas corpus* is applied for in an extradition proceeding, "notice thereof, and of the time and place of hearing thereon, shall be given to the public prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state." The Attorney General is not therein mentioned and this statute cannot be construed to apply to him. Also, since *habeas corpus* is not a criminal proceeding, *State ex rel. Allen* v. *Fayette Circuit Court* (1948), 226 Ind. 432, 81 N. E. 2d 683, the statute providing that the Attorney General shall represent the state in all criminal cases in the Supreme Court does not here apply. Acts 1921, ch. 85, §2, p. 181; §49-1902, Burns' 1951 Replacement.

The Attorney General could appeal in this action only as a representative of the State of Indiana, or some state officer, department, board or commission which he is specifically authorized by statute to represent. It does not appear from the record that the State of Indiana, or any state official, department, board or commission which the Attorney General is authorized by statute to represent, was a party to the action below or that the state or any such state officer, department, board or commission was ever made a party. The state, or any of such officers, departments, boards or commissions cannot be made a party to this action through the efforts of the Attorney General to prosecute this appeal.

See *Baird, Sheriff* v. *Nagel* (1924), 194 Ind. 87, 142 N. E. 9, 30 A. L. R. 1319.

Since the purported assignment of errors is not signed by either of the parties, and since the Attorney General is without authority to act as attorney for either of the alleged appellants herein, and the assignment of errors is not signed by either of the attorneys who represented appellant, Davis, (defendant in the lower court) it then follows that the purported assignment of errors herein is not signed by the party, or his attorney, and it cannot be considered as an assignment of errors in this appeal.

Since the paper filed herein purporting to be an assignment of errors cannot be considered as such, it follows that no assignment of errors has been filed. Hence no complaint is on file in this court; and no jurisdiction has been conferred and nothing presented for our consideration.

This attempted appeal must, therefore, be dismissed for want of jurisdiction, and it is so ordered.

NOTE.—Reported in 102 N. E. 2d 910.