STATE EX REL. MID-WEST INSURANCE COMPANY *v.* SUPERIOR COURT OF MARION COUNTY, ET AL.

[No. 28,932.   Filed July 24, 1952.]

*Seymour M. Bagal* and *Murray E. Dulberger,* of Indianapolis, for relator.

*Joseph G. Wood,* of Indianapolis, for respondent.

*J. Emmett McManamon,* Attorney General; and *Clarence F. Merrell,* Deputy Attorney General, Amici Curiae.

EMMERT, J.—Relator Mid-West Insurance Company sought and obtained here a temporary writ of prohibition which prohibited respondents from exercising further jurisdiction to hear and determine an application by Myrtie Brooks for the appointment of a receiver for relator, and also an intervening petition by the Department of Insurance of Indiana which sought a court order to take possession of the property of relator under §39-3401, Burns' 1952 Replacement, and an injunction under §39-3409, Burns' 1952 Replacement.

On May 27, 1952, Myrtie Brooks, hereinafter referred to as the plaintiff, filed her amended complaint

against the relator, in substance alleging that relator was incorporated as an insurance company under a special act of the General Assembly passed in 1832, said act being Chapter 138 of the 1832 Acts, its name then being the "Lawrenceburg Insurance Company," but that subsequently by order of the Dearborn Circuit Court, said name was changed to "Mid-West Insurance Company." Said complaint further alleged relator's principal office was now at 408 State Life Building, Indianapolis. The amended complaint further alleged that plaintiff had recovered a judgment against LeRoy Davis and Clara Davis for negligent injury to her person in the sum of $7,000, but that said judgment defendants were insolvent, an execution against them had been returned unsatisfied, and that no part of said judgment had been paid or satisfied, but that the judgment defendants had a policy of insurance with relator, in full force and effect at the time the injuries were received, which policy contained a provision that in case an execution was returned unsatisfied because of the insolvency or bankruptcy of the insured, the injured person could maintain an action against the relator for the amount of the judgment, not exceeding the amount of the policy, pursuant to the standard provisions required of such policies by §39-3005, Burns' 1952 Replacement. The amended complaint further alleged failure to pay the claim, and prayed a receiver be appointed under the general receivership provisions of the code, §3-2601, Burns' 1946 Replacement.

The intervening petition by the Department of Insurance of Indiana averred the change in name of the relator on May 22, 1922, and that it had been operating an insurance business in Indianapolis for approximately the last three years; that the relator was insolvent, or in imminent danger of insolvency, in eight separate

particulars, and that it had wilfully violated its charter in two particulars. The Department prayed the relator be enjoined from transacting its insurance business until further order [§39-3409, Burns' 1952 Replacement] and that the Department be ordered to take possession of the business and property of relator for the purposes of rehabilitation, subject to the further order of the trial court. [Sections 39-3401, 39-3402, Burns' 1952 Replacement.]

The relator asserts that the trial court has no jurisdiction to appoint a receiver for it under the general receivership provisions of the code [§3-2601, Burns' 1946 Replacement] by reason of §39-5023, Burns' 1952 Replacement, which provides:

"No order, judgment, or decree providing for an accounting or enjoining, restraining or interfering with the operation of the business of any insurance company, association, or society, to which any provision of this act is applicable, or for the appointment of a temporary or permanent receiver thereof, shall be made or granted otherwise than upon the application of the department, except in an action by a judgment creditor or in proceedings supplemental to execution." [Section 27-a, Ch. 162, Acts 1935, p. 786.]

The right asserted by the plaintiff was on a contract for the benefit of a third party as required by the standard provisions set forth in §39-3005, Burns' 1952 Replacement [§1, Ch. 180, Acts 1931].

The plaintiff was not yet a judgment creditor of relator, nor could she bring proceedings supplemental to execution until she recovered her judgment against relator. Section 39-5023, Burns' 1952 Replacement, prohibited the plaintiff from bringing an action for receiver at this time, and the exclusive right to bring such action was vested in the Department of Insurance

of Indiana. The trial court was without jurisdiction to hear or determine plaintiff's application for a receiver. *Lowery* v. *State Life Insurance Co.* (1899), 153 Ind. 100, 54 N. E. 442; *State ex rel. Meyer-Kiser Bank* v. *Superior Court of Marion County* (1931), 202 Ind. 589, 177 N. E. 322.

The Department of Insurance is a statutory department whose only powers are those granted by the statute. The rule is well settled that "unless a grant of power and authority can be found in the statute, it must be concluded that there is none." *Chicago & E. I. R. Co.* v. *Public Service Comm.* (1943), 221 Ind. 592, 594, 49 N. E. 2d 341. See also *State ex rel. Young* v. *Niblack* (1951), 229 Ind. 596, 99 N. E. 2d 839; *Davis* v. *Pelley* (1952), 230 Ind. 248, 102 N. E. 2d 910.

The Department relies on §39-3407, Burns' 1952 Replacement, to authorize it to intervene in the main action, and obtain an order of conservation. This section of the insurance code provides:

"The department, the attorney-general representing it, shall commence any proceeding under this article [§§39-3401 to 39-3430] by an application to the circuit or superior court of the county in which the principal office of the insurer is located, for an order directing such insurance company to show cause why the department should not have the relief prayed for in the application. . . ." [Section 35, Ch. 162, Acts 1935.]

Although the amended complaint alleged that the relator's principal office was in Indianapolis, it is quite clear from an examination of Sections 1, 4, 8, and 9, of Chapter 138 of the 1832 Acts that the principal office of said corporation was fixed in the Town (now city) of Lawrenceburg. Without some proceedings being taken by the relator pursuant to a

statute to duly amend its charter, the relator was without power to establish or fix its principal office in Indianapolis, and since no amendment is alleged, in contemplation of law, relator's principal office is still in Lawrenceburg. Even if the provisions of §39-3407, Burns' 1952 Replacement, concerning the court where the Department is to bring the proceedings, be regarded as merely fixing the venue, which requirement could be waived if not objected to by the relator, yet it seems to us that upon a proper construction of §39-3407, Burns' 1952 Replacement, the Department was not authorized to intervene in the action by Myrtie Brooks for breach of the statutory provisions of a policy for the benefit of a third party. Intervention is not the commencement of a proceedings within the meaning of the statute.

The proceedings authorized by §39-3401, Burns' 1952 Replacement, for an order for conservation are purely statutory and unknown to the common law or equity. "The general rule is that where an Act creates new rights of purely statutory origin and specifically provides for procedure to be followed, the procedure prescribed is the exclusive manner in which the prescribed act may be accomplished." *State ex rel. Gary Taxpayers' Association, Inc.* v. *Lake Superior Court* (1947), 225 Ind. 478, 493, 76 N. E. 2d 254. Under the authority of this case and the authorities therein cited, the trial court had no jurisdiction over the subject-matter alleged in the Department's intervening petition.

The temporary writ of prohibition is made permanent.

NOTE.—Reported in 106 N. E. 2d 924.