(Opinion published 57 N. W. Rep. 57.)

<br>

JAMES D. SHEEDY *vs.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO.

Argued Oct. 20, 1893. Affirmed Nov. 29, 1893.

No. 8408.

**Master's duty to servant to inspect and repair appliances.**

Plaintiff's intestate, an employé of defendant, was thrown off a moving car while endeavoring to set a brake thereon, and killed. The accident resulted from the loosening of the eyebolt which connected the brake staff with the chain which operated the brake. *Held,* that an examination of the brake staff and bolt, to discover whether the same were apparently in good order, was within the duty of the proper car inspector, while the car was en route, and that, upon the evidence in the case, it was fairly for the jury to determine whether this defect existed when the car passed the last inspection station, and whether it could have been discovered upon a reasonably careful inspection.

Appeal by defendant, the Chicago, Milwaukee and St. Paul Railway Company, from a judgment of the District Court of Mower

County, *John Whytock*, J., entered May 24, 1893, against it for $1,082.18.

On September 24, 1891, Charles Dunlap was employed as brakeman upon a freight train on defendant's road. While near Owatonna, going north, he attempted to set a brake on a refrigerator car. The eye bolt in the loop in lower end of the brake-staff broke, detaching the chain and allowing the hand wheel on the upper end of the brake-staff to whirl suddenly around. He was thereby thrown off between the cars, run over and killed. The plaintiff was appointed administrator of his estate and brought this action, under 1878 G. S. ch. 77, § 2, claiming death was caused by defendant's negligent omission to properly inspect the brake at Austin. Plaintiff had a verdict for $1,000. Judgment was entered and defendant appeals.

*Kingsley & Shepherd*, for appellant.

The theory of the plaintiff is that the eye-bolt was defective, because the thread had not been cut with a cold chisel so as to hold the nut in position, and that prior to the accident the nut worked loose, which allowed the eye bolt to project from the brake staff, that this rendered it more liable to break and that it was the duty of the Railway Company in the exercise of ordinary care, through its car inspectors, to discover this defect and remedy it, and that because it failed to do this, it was negligent. Negligence is not to be presumed, but must be affirmatively proved by the party alleging it. In an action by a servant against his master to recover for injuries sustained by him while in the master's service, from defective appliances, the presumption is that the appliances were not defective, but if it is shown that they were defective, then the presumption is that the master had no notice of the defect and was not negligently ignorant of it. *Mynning* v. *Detroit, L. & N. R. Co.*, 59 Mich. 257; *Atchison, T. & S. F. R. Co.* v. *Wagner*, 33 Kans. 660; *Atchison, T. & S. F. R. Co.* v. *Ledbetter*, 34 Kans. 326; *Davidson* v. *Davidson*, 46 Minn. 117.

This was a foreign car just received, to be transferred over defendant's road. Defendant was not bound to examine into the construction of the car or any of its appliances. If there was no obvious defect, it had a right to assume that the car had been properly

constructed and to act on that presumption without applying to the car such tests as might have been proper in its original construction. It was not required to make a minute examination of this car in all its parts to discover defects not obvious upon an ordinary inspection. *Smith* v. *Chicago, M. & St. P. Ry. Co.*, 42 Wis. 520; *Ballou* v. *Chicago, M. & St. P. Ry. Co.*, 54 Wis. 257; *Sack* v. *Dolese*, 137 Ill. 129; *Painton* v. *Northern Cent. Ry. Co.*, 83 N. Y. 7; *Philadelphia & R. R. Co.* v. *Hughes*, 119 Pa. St. 301; *Fay* v. *Minneapolis & St. L. Ry. Co.*, 30 Minn. 231.

*French & Wright* and *John A. Lovely,* for respondent.

The defendant company was not bound as a common carrier to receive and draw the car in question, brought to it from another road, if unsafe and defective. By assuming to use it, defendant became responsible for its fitness for the use to which it was put. If the brake was defective and unsafe and this might have been ascertained by a reasonably careful inspection the defendant is liable. *Moon* v. *Northern Pac. R. Co.*, 46 Minn. 106; *Fay* v. *Minneapolis & St. L. R. Co.*, 30 Minn. 231; *Gottlieb* v. *New York, L. E. & W. R. Co.*, 100 N. Y. 462; *Mackin* v. *Boston & A. R. Co.*, 135 Mass. 201; *Fahy* v. *Rome, W. & O. R. Co.*, 59 Hun, 619.

VANDERBURGH, J. Plaintiff's intestate was employed as a brakeman by the defendant, and on the 24th day of September, 1891, was engaged in the discharge of his duty as such on a freight train running between Austin and Minneapolis, over its line of road, which left the former place about 3 o'clock in the morning. As the train approached Owatonna, thirty two miles north of Austin, it became necessary to stop at the crossing of the line of the Winona & St. Peter Railroad, about one mile south of the last-named place. The train was running down grade, and about twenty five or thirty miles an hour, and while the deceased was attempting to set the brake upon a refrigerator car, loaded with meat, in the train, the eyebolt in the lower part of the brake shaft, which was connected with the chain which operates the brake shoes, suddenly broke, causing the accident complained of. The brake was constructed in the usual manner, with a perpendicular iron shaft extending above

and below the car, with a hand wheel at the top, by means of which the brakeman turns the shaft, and thus winds the chain about the lower part of the shaft, and brings the brake shoes to the car wheels, and slackens or stops their motion. It will thus appear that there is liable to be a great strain upon the eyebolt by the use of the brake, and if it suddenly breaks, so as to loosen the chain, while the brakeman is attempting to turn the hand wheel, the natural effect, as shown by the evidence, is to jerk or whirl him around with the wheel, and throw him off the car. In this case the deceased was in this manner thrown between the cars, and run over, and instantly killed. The eyebolt, which passes through the shaft, was fastened by a nut on the side opposite to the eye to which the chain is fastened; and, when the nut is screwed up close to the brake shaft, the eye is drawn close to the shaft upon the opposite side. Upon the evidence, the cause of the accident was the loosening of the nut, which had worked back to the end of the bolt, in consequence of which the bolt was pulled out of its proper position by the chain, so that there was about an inch between the eye and the staff, giving a greater purchase upon it when the brake was set, and causing it to break off between the eye and the staff. The liability of the defendant is predicated upon the assumption that the nut was loose and out of place at Austin, which is one of the points on defendant's road for the inspection of cars, and upon the negligence of the defendant in suffering the car to pass that place without properly inspecting it, and securely tightening the bolt.

There is no evidence in the case in relation to the inspection of the car at Austin. But, if the car was not out of order when it passed Austin, no repairs were then necessary, and no negligence could be imputed to the company for any neglect of duty at that place. But if, as the plaintiff contends, there is evidence warranting the inference by the jury that the nut had become loosened so that its defective or unsafe condition would be susceptible of observation, upon a reasonably careful inspection, when the car had arrived at Austin, then a presumption of negligence on the part of the company would be raised, which it would be necessary for it to overcome by proper evidence showing that due inspection was made, and the brake was found to be, or was put, in good order. The car did not belong to defendant, but was received from the Iowa

Central Railway Company at Mason City, 40 miles south of Austin, at which place cars were regularly inspected by both companies. It was the duty of defendant to inspect this car before undertaking to haul it over its own line, and it would be liable for defects discoverable upon reasonable inspection. The evidence in this case shows that, in order to be safe, the eyebolt must be held in its proper position by keeping the nut screwed close to the brake shaft. But the nut is liable to work loose when the car is in use, unless it is fitted closely, or the thread of the bolt outside of the nut is cut or flattened so as to prevent the nut from turning without the aid of a wrench. Hence, in view of the danger incident to the use of the brake upon freight cars, it is obvious that it is of great importance that the eyebolt should be carefully inspected at suitable intervals. Of course, all the inspection required is to see whether the bolt is securely fastened in its place, and this falls within the ordinary duties of an inspector of cars while en route.

It is conceded that the presumption, in the first instance, is, in actions of this kind, in the absence of any proof to the contrary, that the railroad company has performed its duty to its employes in the matter of inspection and repairs. It will therefore be assumed that the car in question was duly inspected at Mason City. All trains make three stops between this point and Austin, and two or three between Austin and Owatonna. But the car ran forty miles to Austin without accident, or any complaint in respect to the bolt. The evidence of one of the witnesses is that if the nut was properly tightened up, and in place, the car could run a long distance before it worked loose. The question will then naturally arise, how it happens, if it was properly inspected at Austin, that in an hour and a half, while traversing a distance of thirty miles, the nut should not only have become loosened from the staff, but should have worked out on the thread, to the end of the bolt, so as to allow the bolt to be pulled partly through the staff? This, we think, suggests the propriety of submitting the question to the jury. While we cannot say, with certainty, that, upon the undisputed evidence, the brake must have been out of order, or unsafe, when the car left Austin, yet we think it was fairly a question for the jury to determine, in view of all the circumstances, including the condition of this bolt and nut, which were before the jury.

But if it be a fact that a bolt fastened with a nut, only, as this. was, without any device to keep it in place, is liable to become· loosened between the ordinary intervals of inspection, it is obvious that inspection should have been more frequent, or the method described by the witnesses as commonly resorted to, of cutting or flattening the thread on the bolt next the nut, should have been adopted, as it appears to be simple, safe, and effective. In any view of the case, we think the question of the defendant's negligence·· was for the jury.

Judgment affirmed.

(Opinion published 57 N. W. Rep. 60.)