PARSONS BAND CUTTER & SELF-FEEDER COMPANY v. JOHN
HAUB.[1]

May 10, 1901.

Nos. 12,503—(63).

**Witness—Objection to Testimony.**

An objection to the testimony of a witness that the same is not competent does not present the question of the capacity of such witness to testify, nor of his knowledge of the manner in which a farm implement had worked.

**Principal and Agent—Oral Warranty.**

A sales agent authorized to sell and warrant farm machinery under written conditions to be required of the purchaser may bind his principal by an oral warranty, where he withholds from the purchaser all knowledge of such limitations upon his authority to impose such condition, as in this case.

**Charge to Jury.**

Where the trial court includes in the general charge to the jury the substance of proper requests, it is not necessary to repeat again the desired instructions.

**Verdict Sustained by Evidence.**

Evidence considered, and *held* sufficient to sustain the verdict.

Action in the district court for Stearns county to recover $200 upon promissory notes. The case was tried before Searle, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Miner & Goetzinger*, for appellant.

*Donohue & Stephens*, for respondent.

LOVELY, J.

Action to recover upon two promissory notes, aggregating in amount $210, given for a Parsons band cutter and self-feeder,—an implement to be attached to a threshing machine for the purpose of cutting the bands of grain bundles delivered in the thresher.

[1] Reported in 86 N. W. 14.

Defendant, by way of counterclaim, alleges that the band cutter and feeder was warranted to do good work, in feeding the threshing machine to which it should be attached as rapidly and evenly as such work could be done by hand; that there was a breach of the warranty, whereby he sustained damages to the extent of $400. The warranty and breach as alleged in the complaint are denied by the reply. The case was tried to a jury, who rendered a verdict for defendant. The rulings of the court below on the evidence are preserved in a settled case, upon which plaintiff moved for judgment, or for a new trial in the alternative. This motion was denied, and plaintiff appeals.

The principal contention raised by plaintiff's assignments is to the sufficiency of the evidence to sustain the verdict. As is usual upon such issues, there was a decided conflict in the evidence. The defendant, who, to some extent, was corroborated by another witness, testified that he purchased the machine upon representations as to the capacity of the implement substantially as stated in the answer; and several other witnesses testified in his behalf that the machine did not do good work. This evidence was met by a larger number of witnesses for the plaintiff, whose statements, if believed by the jury, would have required a verdict in its favor for the amount claimed in the complaint; but, of course, this was a question which we cannot review, since the weight of the testimony was for the jury, and their verdict has settled this issue. There was evidence tending to show: That the defendant was unable to read. That a printed and written order, containing a warranty, with conditions which the purchaser must follow, to avail himself of the benefits of the same, was signed by him. These conditions were not complied with by defendant, who testified that when he signed this order the sales agent, who obtained his signature, delivered the machine, and received the notes therefor on which suit is brought, stated in that connection that it was simply a paper to enable him to get the machine, but withheld all informaton of its contents; also, that he signed the order in ignorance of what it contained, which evidence was flatly contradicted. A sales agent has implied authority from his principal to warrant the property sold; and, standing in the place of his

principal, the withholding of information by which the signature of the purchaser was obtained, or the suppression of material facts with reference thereto, was a fraud which will bind such principal. J. I. Case T. M. Co. v. McKinnon, 82 Minn. 75, 84 N. W. 646.

Two witnesses were permitted to testify at the trial as to the manner in which the machine worked while threshing was being done for each. The objection to this testimony was that it was incompetent. It is now urged that such witnesses had not shown sufficient capacity or previous knowledge of the operation of the implement to exercise judgment with reference to its manner of working, and the admission of their answers over exception was error. These witnesses were farmers for whom threshing was being done on threshing machines to which the band cutter and feeder was to be attached, and presumably would be capable of making a general statement of the manner in which such attachment operated. Besides, the objections that this evidence was not competent did not raise the question of the qualification of the witness to testify as an expert, and there was no error in overruling the objection.

It is urged, also, that the court erred in the statement on the trial that, if defendant did not read the written order for the machine, it would not be binding upon him. No exception was taken to this statement, and for that reason it cannot be considered.

Several requests for plaintiff were refused by the trial court. Upon examination, we find that all that plaintiff was entitled to have in these respects was given in the general charge of the trial court, which was quite as beneficial to plaintiff, and was as commendable a course of procedure in such cases, as if the court had read the detached requests out of appropriate relation and proper sequence; proper instructions having been given, the court was not required to repeat them. We find no error in the course pursued by the trial court in giving or withholding instructions, and the proposition contained in the assignments covering these alleged errors does not require further discussion.

Order affirmed.