ELIZABETH ATTIX v. MINNESOTA SANDSTONE COMPANY.[1]

December 27, 1901.

Nos. 12,857—(130).

### Death by Wrongful Act—Verdict Sustained by Evidence.

In an action to recover damages for the death of plaintiff's intestate, caused by the alleged negligence of defendant, the principles of law relative to the obligation of a master to furnish his servants with reasonably safe instrumentalities with which to perform the work of their employment; his duty to inspect the same from time to time for the purpose of repairing defects, if any, and maintaining appliances in reasonably good repair; the principles applicable to the servant as to assumption of the risks incident to his employment and his contributory negligence,—considered in connection with the facts found by the jury in this case; and the evidence is *held* sufficient to sustain the verdict.

### Master and Servant—Safe Instrumentalities.

The duty of the master to furnish his servants with safe instrumentalities and appliances for the performance of their work applies to a foreman or superintendent as well as to a servant without rank or title.

### Assignments of Error.

Various assignments of error considered, and *held* to present no ground for reversal.

Action in the district court for Pine county by plaintiff as administratrix of the estate of Edward Attix, deceased, to recover $5,000 for the death of decedent. The case was tried before Crosby, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Woods, Kingman & Wallace,* for appellant.

*John Jenswold, Jr.,* for respondent.

BROWN, J.

This was an action brought by plaintiff, as administratrix of the estate of Edward Attix, to recover damages alleged to have been

[1] Reported in 88 N. W. 436.

sustained by her in the death of her husband, caused through the negligence of defendant. Plaintiff had a verdict in the court below, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict, or for a new trial.

The facts are as follows: Defendant is a corporation, and for several years past has operated a large stone quarry near Sandstone in this state. Plaintiff's intestate was in the employ of defendant in and about its quarry, as a stonecutter and foreman of its mill yard. In this mill yard stood a derrick used in defendant's business in raising stone for various purposes. At the time complained of, the employees of defendant, including Attix, were engaged in raising a very heavy stone to be sawed and split into required shapes and forms for the market. The derrick was supplied with a large boom, the same being a pine tree or timber some seventy feet in length. During the process of raising this heavy stone, the boom broke; a portion thereof striking Attix on the head, and killing him almost instantly.

The claim of negligence on which plaintiff relies for a recovery is that the boom was an instrumentality furnished by defendant to Attix with which to perform the duties of his employment; that it was defective, unsuitable, and unfit for its intended purpose; and that, solely by reason of its defective condition, it broke on the occasion complained of. Defendant claimed that plaintiff's intestate assumed the risks incident to working with and about the boom and derrick, and that he was also guilty of contributory negligence which precludes a recovery.

As we have stated, plaintiff's intestate was in the employ of defendant, and was furnished and supplied by it with the derrick and boom in question, with which to perform the duties of his employment. It was, of course, defendant's duty, under the law, to furnish safe instrumentalities and appliances for its employees. It was bound to exercise ordinary care and prudence, not only in furnishing safe instrumentalities and appliances, but was also required to exercise the same degree of care in the matter of inspecting such appliances from time to time, and keeping and maintaining them in good repair and in reasonably safe condition for use.

Tierney v. Minneapolis & St. L. Ry. Co., 33 Minn. 311, 23 N. W. 229; Sheedy v. Chicago, M. & St. P. Ry. Co., 55 Minn. 357, 57 N. W. 60. The evidence found in the record is sufficient to sustain the finding of the jury to the effect that defendant failed of its duty in this respect. It was its absolute duty to provide a safe boom, and it could not delegate that duty to its servants, and thus relieve itself of responsibility. It selected the boom in question, so far as plaintiff's intestate is concerned; and the evidence tends to show that, when so selected and put into use, it was unfit for the purpose intended, because of the fact that at the point where it subsequently broke there were several large knots, which rendered it weak and unsafe for that particular use.

Counsel for defendant strenuously contended on the argument that the boom was not defective, and was such as is ordinarily used by prudent persons engaged in a similar business. If the jury had so found on that question, it would have been conclusive in defendant's favor. A master is not an insurer against accidents from defective appliances or instrumentalities furnished his servants. He is bound to the exercise of ordinary care in their selection, but is not liable for latent defects; and, if appliances selected by him are such as are ordinarily used by others engaged in similar business, it is evidence tending to show that his full duty towards his servants was performed. But the evidence on this question was fairly made a case for the jury. It is unnecessary to repeat or discuss the evidence in this opinion. It would serve no purpose as a precedent, and we refrain. The case is very similar to Sather v. Ness, 42 Minn. 379, 44 N. W. 128, and the law there laid down is followed and applied. The contention that plaintiff's intestate was instrumental in the selection of the boom is not sustained by the record. At least, the evidence on that subject is not such as to warrant us in so holding as a matter of law.

A large number of requests for instructions (over twenty-five) were submitted to the trial court by defendant, which were, for the most part, refused, and the refusal of each is assigned as error. The character of this case, involving as it does simple questions of negligence and the relative duties of master and servant, would not seem to justify so many special requests for instructions. The

trial court might well have ignored them all, and instructed the jury upon the questions presented by the pleadings and evidence without reference to them. Davidson v. St. Paul, M. & M. Ry. Co., 34 Minn. 51, 24 N. W. 324; Parson Band Cutter & S. F. Co. v. Haub, 83 Minn. 180, 86 N. W. 14. We have examined very carefully, however, the requests refused, in connection with the charge of the trial court, and conclude that they were all, so far as pertinent and material to the issues in the case, there sufficiently covered. The refusal of the requests was therefore not error.

It is also contended by defendant that plaintiff's intestate assumed the risks incident to using the derrick and boom, that he was also guilty of contributory negligence, and that for these reasons defendant is not liable.

It is true that deceased was the foreman in defendant's mill yard in which the derrick and boom were used. He was employed around and about the same, but did not have the management of it; nor was he clothed with any duty with respect to its operation, nor with respect to inspecting the same for the purpose of discovering its condition,—whether safe or unsafe for use. A servant is held to assume such risks and dangers as are ordinarily incident to the work or business in which he is engaged, provided he knows and appreciates the same; and he is held to know such as are manifest to one of ordinary common sense and observation, or which by the prudent exercise of his senses might be perceived. Whether deceased in this case knew of the defect in the boom, or would have learned it by the exercise of ordinary care and prudence, and whether he had directed its use in attempting to raise too large a stone, and thus put it to an improper use, were questions which the learned trial court correctly submitted to the jury, and they were all answered against defendant's contention. Of course, it is settled law that a master is not liable to his servant when the latter makes an improper use of an appliance furnished him; but whether deceased did so in this case was a question of fact, and not of law. The evidence fairly made a case for the jury as to all these questions, and we cannot interfere.

The contention that the accident was due to the negligence of deceased's fellow servants, because they selected an unfit timber to be

used as a boom, is not sound.  It was the absolute duty of the master, as we have already stated, to furnish a safe boom for use by its servants, including deceased, and it could not absolve itself from the consequences of a failure to perform that duty by selecting servants to perform it.  If it did direct certain of its servants to select and pick out the timber for the boom in question, they were performing its duty, and it is liable for their negligence. The mere fact that deceased was one of defendant's foremen does not change the legal status of the parties.  The master's duty to furnish his servants safe instrumentalities with which to perform their work applies to a foreman or superintendent as well as to a servant without rank or title.

Plaintiff offered in evidence on the trial a photograph of the mill yard, which was objected to as "incompetent, irrelevant, immaterial, and no foundation laid."  The photograph was taken a few days prior to the trial, and some seven months after the accident; and it is conceded that the derrick and boom, as there shown, were not in the same condition as at the time of the injury.  The precise objection was not suggested or pointed out to the trial court, and is raised for the first time on this appeal.  In view of this, we do not think the case should be reversed for this error.  It was the duty of defendant to point out the specific objection to the trial court.  So far as the record discloses, no prejudice resulted to defendant from the fact that the photograph presented the mill yard in a condition not existing at the time of the accident.  The general objection to the admission of the photograph was insufficient.  Vaughan v. McCarthy, 63 Minn. 221, 65 N. W. 249.

We have examined with special care the very thorough and complete brief of counsel for appellant, and all the assignments of error presented and urged by them, and are unable to discover any reason for disturbing the order appealed from.  The questions raised and discussed are, for the most part, questions of fact, and the evidence is not so conclusive against plaintiff's right of action as to warrant us in setting aside the verdict of the jury.

Order affirmed.