## BEN SCHULTZ v. CITY OF ST. PAUL.[1]

January 9, 1913.

Nos. 18,288—(174).

**Question of negligence for the jury.**

1. In a personal injury suit it is *held* that the evidence made it a question for the jury whether the defendant city, which was engaged in raising a steel bridge by the use of hydraulic jacks, was negligent in furnishing such jacks for such use.

**Concurring negligence of fellow servant.**

2. If the negligence of the defendant in furnishing the jacks combined with the negligence of a fellow servant in adjusting them so as to make a case of concurring negligence causing the injury, the plaintiff could recover notwithstanding the negligence of his fellow servant.

**Assumption of risk.**

3. The question of the assumption of the risk was not one of law.

**Master and servant — limitation of action.**

4. Under R. L. 1905, § 768, and the charter of the city of St. Paul, section 690, prior to the enactment of Laws 1913, c. 391 (G. S. 1913, §§ 1786–1789), effective July 1, 1913, the limitation of one year after injury in which to bring suit did not apply when the claim was based upon a negligent failure of the city to observe a duty imposed upon it by law as an employer.

Action in the district court for Ramsey county to recover $18,-000 for injury received while in the employ of defendant. The complaint alleged that defendant negligently adopted an improper and dangerous plan for raising the bridge mentioned in the opinion, and negligently carried on the work upon the plan adopted; that the plan consisted in the use of timbers about 8 inches square and 19 feet long, placing one end thereof under the top part of the bridge and the other end upon a jack placed at the ground, without providing any

[1] Reported in 144 N. W. 955.

Note. — On the question of the negligence of a fellow servant concurring with failure of the master to establish or enforce proper rules or regulations for conduct of business, see note in 4 L.R.A.(N.S.) 516.

safe or proper foundation for the jack upon the ground or placing anything on top of the jack for the timbers to rest upon, or doing or furnishing anything to hold the timbers in position, all of which should have been done; that, having so placed the timbers and jacks, the bridge was forced upwards by the use of the jacks and when so raised several inches the timbers came off of said jacks, and one of them struck plaintiff on the right leg, inflicting such injuries as to require the amputation thereof. The answer alleged that any injuries sustained by plaintiff were caused by his own negligence and arose from conditions, the risks and hazards of which were open and obvious to him. It also alleged that the action was begun more than one year after the happening of the injury alleged in the complaint. The case was tried before Catlin, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Barton & Kay,* for appellant.

*O. H. O'Neill,* Corporation Attorney, *John A. Burns* and *William J. Giberson,* Assistant Corporation Attorneys, for respondent.

DIBELL, C.

This is an action for personal injuries. At the close of the testimony it was dismissed on the motion of the defendant. The plaintiff appeals from the order denying his motion for a new trial.

1. The plaintiff was in the employ of the city helping raise the Westminster street bridge. This bridge is two blocks long, crosses some railway tracks, and is of steel construction. In doing the work hydraulic jacks were used. They were placed on the piers below. On them were placed heavy timbers which reached to the framework above. By raising the timbers the bridge and steel posts were raised and steel plates were then placed underneath the posts which rested on the piers and which supported the steel framework above. The plaintiff claims that the defendant was negligent in making use of the hydraulic jacks for this work. The specific claim is that the hydraulic jacks furnished so small a facing for the timbers which rested upon them that they were liable to buckle and cause a fall. The evidence is such as to justify a finding that the timbers fell because

of such buckling and caused the plaintiff's injury. The plaintiff presented evidence which had a tendency to show that hydraulic jacks such as those used are not proper instrumentalities for use in such work. It was the duty of the city, just as of anyone engaged in like work, to exercise ordinary care to furnish reasonably safe and proper instrumentalities. The jury might have found that it was negligent in this respect. Costello v. Frankman, 97 Minn. 522, 107 N. W. 739; Swanson v. Oakes, 93 Minn. 404, 101 N. W. 949; Attix v. Minnesota Sandstone Co. 85 Minn. 142, 88 N. W. 436.; King v. Chicago, Minneapolis & St. Paul Ry. Co. 104 Minn. 397, 116 N. W. 918.

2. If the city was negligent in making use of hydraulic jacks and its negligence combined with that of a fellow servant of the plaintiff in adjusting them and the negligence of the two proximately contributed to the injury the plaintiff could recover notwithstanding his fellow-servant's negligence. Swanson v. Oakes, 93 Minn. 404, 101 N. W. 949, and cases cited. Considering, for the purpose of this appeal, that the adjustment of the jacks was a fellow-servant act, the case was still for the jury.

3. It is claimed that the plaintiff assumed the risk of the use of the hydraulic jacks as a matter of law. He was a common laborer. At the most it was a question for the jury. The defendant justifies their use as reasonably safe.

4. It is provided by R. L. 1905, § 768, in substance, that any person who claims damages from a city for loss or injury from any defect in a street, road, bridge or other public place, or by the negligence of its officers, agents or servants, shall present to its council, or other governing body, within 30 days, notice of his claim; and that no action therefor shall be maintained unless such notice has been given, or more than one year after the occurrence of the loss or injury. The provision of the St. Paul charter, section 690, is substantially identical and it is immaterial which controls.

The plaintiff was injured on May 25, 1911, and the action was commenced on January 15, 1913. The defendant contends that the plaintiff's cause of action is barred.

In Gaughan v. City of St. Paul, 119 Minn. 63, 137 N. W. 199, it was held that the notice was not required when the injury came be-

cause of the failure of the city in one of its duties to the plaintiff imposed upon it as master. Whether the one year's limitation runs in a like situation has not been decided. The reasoning which induced the holding in the Gaughan case is controlling on the limitation feature of the statute, and we now hold that under section 768, and the provision of the city charter, section 690, the one year's limitation does not apply where the injury results from the negligence of the city in the performance of one of its duties as employer. It may be noted that by Laws 1913, p. 552, c. 391, § 4 (G. S. 1913, §§ 1786–1789), effective July 1, 1913, section 768 is repealed, and substantially re-enacted, but with the provision that the notice and limitation features shall apply to master and servant relations, and that the act shall apply to cities existing under charters framed pursuant to section 36 of article 4 of the Constitution.

Order reversed.