## OLKA JOHNSON v. CITY OF DULUTH.[1]

### June 30, 1916.

### Nos. 19,843—(226).

**Municipal corporation — statutory notice of claim for damages — home rule charter.**

    1. Chapter 391, Laws of 1913 (G. S. 1913, § 1786), relating to actions against municipalities for damages and providing for service of written notice in such cases was intended to prescribe the only rule which should govern as to the subject matter of the act. *Held* that section 103 of the home rule charter of the city of Duluth which covers the same subject matter is superseded by chapter 391, Laws 1913.

**Same — statute inapplicable.**

    2. The provisions of chapter 391, Laws 1913, do not apply to a cause of action for damages to real property growing out of the re-establishment of a grade line of a street, and the filling up to such new grade line, and in such case no written notice to the city is required.

Action in the district court for St. Louis county to recover $2,500. From an order overruling its demurrer to the complaint, Cant, J., defendant appealed. Affirmed.

*John E. Samuelson* and *Leonard McHugh,* for appellant.

*Baldwin, Baldwin & Holmes* and *Walter F. Dacey,* for respondent.

[1]Reported in 158 N. W. 616.

SCHALLER, J.

Demurrer to complaint, which alleges plaintiff's ownership of a lot in Duluth since 1890; that the lot has a frontage of 50 feet on St. Croix avenue; that long prior to 1893 the grade was established on that street; that in 1898 she constructed certain buildings on the lot on a level with the grade and sidewalk as then established and graded.

She further avers that in 1909 the city re-established the grade by raising the same 16 inches and that, during the years 1911 to 1914, it caused the street in front of her property to be filled and graded to the new grade, so that the surface of her lot, and the sidewalk in front of it, are below the street and re-established grade, to her damage. The demurrer was overruled. The trial court certified the question presented by the demurrer to be important and doubtful. Defendant appeals.

1. The only question involved on this appeal is whether a written notice should have been given to defendant. Two enactments, one of which is contained in the charter of the city of Duluth, the other in Laws of 1913, chapter 391, p. 552 (G. S. 1913, § 1786), relate to notice to municipalities.

The provision of the Duluth home rule charter effective January 2, 1913, reads:

"Sec. 103. No action shall be maintained against the city on account of any injuries or damages to persons or property unless such action shall be commenced within one (1) year from the occurrence of the injury or damage, nor unless notice shall have been given in writing to the city clerk within thirty (30) days of the occurrence of such injury or damage, stating the time when and the specific place where, and the circumstances under which the same occurred and that the person injured or damaged will claim damages of the city therefor; but such notice shall not be required when the person injured shall, in consequence thereof, be bereft of reason."

The statute (chapter 391, p. 552, Laws 1913; G. S. 1913, §§ 1786, 1787, 1788), provides:

"Section 1. (§ 1786, G. S. 1913). Every person who claims damages from any city, village or borough for or on account of any loss or injury sustained by reason of any defect in any bridge, street, sidewalk, road, park, ferry-boat, public works or any grounds or places whatsoever, or by

reason of the negligence of any of its officers, agents, servants or employees, shall cause to be presented to the common council or other governing body, within thirty days after the alleged loss or injury, a written notice, stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. No action therefor shall be maintained unless such notice has been given; or if commenced within ten days thereafter, or more than one year after the occurrence of the loss or injury."

Section 2 applies provisions of section 1 to cases where the city is master or employer.

Section 3 makes provision for services of notice in cases where the claim is for death by wrongful act or omission.

Section 4 repeals section 768, c. 9, R. L. 1905, and all other inconsistent acts or parts of acts.

Section 5 applies the act to municipalities having home rule charters.

Section 6 provides that the act shall go into effect July 1, 1913.

If the statute is applicable to the city of Duluth it must supersede any provisions of the home rule charter conflicting or inconsistent therewith. It was passed after the adoption of the charter, and, being the later act of the lawmaking power, must supersede all prior legislation. Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375; State v. Swanson, 85 Minn. 112, 88 N. W. 416; Schultz v. City of St. Paul, 124 Minn. 257, 144 N. W. 955; Frasch v. City of New Ulm, 130 Minn. 41, 153 N. W. 121, L.R.A. 1915C, 749.

But it is earnestly contended that the provisions of the charter are consistent with the statute; that there is no conflict; that both may stand; that the provisions of the charter may be considered as supplementary to the statute; and that the charter may apply to omitted cases because the charter is much broader than the statute itself.

A careful examination of the charter leads us to the conclusion that it is intended to include the same subject matter as does the statute. The charter provision at the outset speaks of all actions for injury either to persons or property, but no mention of damage to property is subsequently made. All of the other provisions point to actions for injury or damage to the person. Some of the provisions embodied in the statute are contained in the charter which also exempts the person injured

from the obligation to give notice when "such person in consequence shall be bereft of reason."

It is not as broad as the statute, for it does not require notice to be given at all in cases of death by wrongful act or omission. In that respect it is like the charter provision construed in Senecal v. City of West St. Paul, 111 Minn. 253, 126 N. W. 826.

The statute, however, requires notice in such cases and limits the time for presenting the same.

The statute requires notice to be given to the governing body. The charter requires it to be given to the city clerk. The statute requires the notice to state the amount claimed. The charter does not. The statute and the charter are so inconsistent that even if there were no repealing clause in the statute, the rule announced in Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375, would compel us to hold that the statute abrogated the charter provision.

There can be no doubt that the legislature intended to establish a uniform rule which should apply to all municipalities, thus avoiding the confusion arising out of the many dissimilar provisions contained in their various charters.

The law should be so clear that a claimant could determine with some degree of certainty what he must do to preserve his right of action. He should not be compelled, at his peril, to decide whether his written notice must be addressed to and served on the city clerk, or the common council, nor should he be required to serve notices on both. Every reason advanced in Nicol v. City of St. Paul, supra, is cogent here, where an act like the one there considered contains an express repealing clause. We are therefore constrained to hold that the statute (Laws 1913, p. 552, c. 391) superseded section 153 of the Duluth charter.

2. Chapter 391, p. 552, Laws 1913, provides for notice where the cause of action arises out of (a) defects or (b) negligence.

The complaint contains no allegation of defective construction or workmanship; neither is it alleged that the city was guilty of negligence. The action is brought on the theory that the city had a right to establish grade lines in its streets and to excavate or fill to such lines. It is not seriously contended that the city had no right to re-establish or change such grade-lines and to fill or excavate to such lines. These were deliberate acts of

the city in the exercise of its governmental powers. The damage, if any, grew out of the exercise by the city of the power of eminent domain. There may have been an error of judgment. The determination may not have been wise, but we cannot say that the complaint either directly or by inference charges negligence. As the action is based neither on negligence nor on defects in construction or workmanship, no notice was required.

Order affirmed.