FULWILER v. LAWRENCE et al. (No. 427.)

Court of Civil Appeals of Texas. Eastland.
May 18, 1928.

Rehearing Denied June 15, 1928.

1. **Pleading** ⟐⟲228—**Propositions on appeal relative to overruling special exception to answer and cross-action cannot be considered, if exception was raised orally.**

Propositions on appeal relative to overruling special exception to answer and cross-action cannot be considered, where special exception made basis of assignment was not contained in pleadings, since there is no provision of law for oral exceptions to pleadings.

2. **Sales** ⟐⟲273(3)—**Seller of tractor impliedly contracted that it was suitable for particular purpose of which he had knowledge through agent.**

Where seller of tractor had knowledge through agent of particular use in breaking sod land for which tractor was being purchased, he impliedly contracted that tractor was suitable for that particular purpose.

3. **Principal and agent** ⟐⟲104(2)—**Seller's agent has implied authority to make warranty not imposing greater liability on principal than would have been imposed by law.**

Agent of seller has implied authority to make warranty which does not impose any greater liability on principal than that which would have been imposed by law in absence of express warranty.

4. **Principal and agent** ⟐⟲104(2)—**Agent of seller of tractor held impliedly authorized to make express warranty that tractor would satisfactorily break sod land.**

Agent of seller of tractor *held* impliedly authorized to make express warranty to buyers that tractor would break buyers' sod land in first-class manner and to their satisfaction.

Appeal from Taylor County Court; Tom K. Eplen, Judge.

Action by W. J. Fulwiler against G. N. Lawrence and another, in which defendants filed a cross-action. Judgment for defendants, and plaintiff appeals. Affirmed.

W. E. Lessing and Frank E. Smith, both of Abilene, for appellant.

W. J. Cunningham, of Abilene, for appellees.

HICKMAN, C. J. The suit was upon a promissory note given by appellees G. N. Lawrence and Quincy Craig in part payment for a Fordson tractor and to foreclose a chattel mortgage lien thereon. Upon the special pleadings of appellees by way of answer and cross-action, which pleadings are not properly questioned, judgment was rendered that appellant take nothing and that appellees recover of appellant the amount paid as a cash payment on the purchase price of the tractor, and a cancellation of the note and mortgage sued upon. The facts are that appellees were the owners of some pasture land in Lamb county and desired to purchase a tractor for the purpose of breaking their land. Appellant was dealing in Fordson tractors in Abilene and G. R. King was his sales agent. The transaction whereby appellees purchased the tractor was had with the agent, King. Appellees stated to Mr. King that they did not know anything about a tractor and its work, and made known to him the purpose for which they desired to purchase a tractor. The agent took the appellees a short distance from the city of Abilene and showed them a tract of "new ground" which had been broken by a Fordson tractor in a first-class manner, and represented to appellees that he was acquainted with the kind and character of their land in Lamb county, and that he knew the Fordson tractor would break said sod land in a first-class manner and to their entire satisfaction, and that, if it did not do so, the purchase price would be refunded to them. This testimony of the appellees is not denied by the agent, King, but most of it is expressly admitted.

The jury found that the agent, King, represented and guaranteed that the tractor would break their sod land in Lamb county in a first-class manner and to their satisfaction, and that said tractor, after having been fairly tried and tested, would not perform the work for which it was guaranteed.

[1] Appellant's propositions are in two groups, and present only two questions for our decision. The first group is based upon an assignment complaining of the action of the trial court in overruling a special exception to appellees' answer and cross-action. We cannot consider these propositions, for the reason that the special exception made the basis of the assignment was not contained in appellant's pleadings. On this point the record is very peculiar. There is shown in the transcript an order of the trial court overruling a special exception fully set out therein. This exception does not appear in the record except in this order. It would therefore appear that the exception was raised orally. There is no provision of law for oral exceptions to pleadings in a court of record, and this group of propositions will be overruled.

[2] The other group of propositions present in various ways the question of the authority of an agent employed by a dealer to sell personal property manufactured for a particular purpose to bind his principal by representations and warranties that the article to be sold is suitable for the purpose for which it is purchased. It is the contention of appellant that his agent had no authority, either express or implied, to bind him in the manner alleged by appellees. Appellant offered evidence, which was excluded by the court, but which, if admitted, would have established the want of any express authority on the part of the agent thus to bind him. The question, thus narrowed down, is whether appellant's agent, King, had the implied authority to bind him by the representations and warranties made by the agent to appellees.

[3] In the case of Norvell-Wilder Hdwe. Co. v. McCamey, 290 S. W. 772, this court reviewed the authorities upon this question, and announced the conclusion that, where goods are purchased for a particular purpose known to the seller at the time of the sale, a warranty of soundness and suitability will be implied. We need not again cite the authorities therein cited. The same rule is announced and applied by the Commission in Turner et al. v. Shackelford, 288 S. W. 815. Applying this rule to the instant case, it is our opinion that, since appellant had knowledge through his agent of the particular use for which the tractor was purchased, he impliedly contracted that the tractor was suitable for that particular use. That implication would have arisen in the absence of an express representation. Certain it is that an agent has the implied authority to make a warranty which does not impose any greater liability upon his principal than that which would have been imposed by law in the absence of an express warranty. This proposition is self-evident, but, if any authority is desired, reference may be had to the case of H. B. Smith Co. v. Williams et al., 29 Ind. App. 336, 63 N. E. 318.

[4] Even though it may be said that the express warranty of the agent exceeded in some degree the implied warranty which would have existed in the absence of such express warranty, still we are of the opinion that the agent was impliedly authorized to make such express warranty. When an article is manufactured for a particular purpose, a dealer naturally expects his agent to

make known that purpose, and to make known to prospective purchasers that the article can be safely used for that purpose. It follows that, where the agent does that which is expected to be done, and without which sales could not be made, the principal impliedly authorizes him so to do. This rule has particular application to manufactured articles and machinery about which the purchaser is not informed and the dealer is presumed to have superior information. Hille v. Adair (Ky.) 58 S. W. 697; Laumeier v. Dolph, 145 Mo. App. 78, 130 S. W. 360; Parsons Band Cutter, etc., Co. v. Haub, 83 Minn. 180, 86 N. W. 14; Conkling v. Standard Oil Co., 138 Iowa, 596, 116 N. W. 822.

It is our opinion that appellant's brief points out no error, and the judgment of the trial court will therefore be affirmed.