GUARANTEED CONCRETE COMPANY, INC. v. GARRICK BROS. INC. AND ANOTHER.
J. L. SHIELY COMPANY v. SAME DEFENDANTS.[1]

March 11, 1932.

Nos. 28,752, 28,753.

[1]Reported in 241 N. W. 588.

*Barrows, Stewart, Jackson & Junkin,* for appellant.
*Daggett & Redlund,* for respondents.

Dibell, J.

Two actions against the same defendants involving the same legal question were tried together. In each judgment was entered on the pleadings in favor of the plaintiff. The defendant Century Indemnity Company appeals from the judgments.

In January, 1930, the defendant Garrick Bros. Inc. entered into a contract with the city of St. Paul to improve Concord street. The plaintiffs, Guaranteed Concrete Company, Inc. and J. L. Shiely Company, entered into separate contracts with Garrick Bros. Inc. which furnished a bond with the defendant indemnity company as surety. Payment in full was not made for the materials furnished by the plaintiff. The defense of the surety company is that the contracts were completed and accepted by the public authorities prior to August 5, 1930, and that the plaintiffs did not, within the period of 90 days after the completion of the contract and its acceptance, file notice with the county auditor as required by L. 1929, p. 521, c. 369. The only question is whether that statute requiring the notice applies.

St. Paul has a home rule charter which became effective in 1914. It did not require the service of notice as required by L. 1929, p. 521, c. 369. Long ago, prior to the St. Paul charter, the legislature passed a statute relative to the bonds of public contractors. It is embodied with amendments in G. S. 1923, §§ 9700 to 9705, and the corresponding sections of 2 Mason, 1927. This statute did not apply to St. Paul after its home rule charter. In Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1133, it was held that the

subject of contractors' bonds to secure the performance of public contracts was germane to municipal legislation; and that the charter of St. Paul, that of 1900 being the one there considered, superseded the general law; and it is conceded that unless the act of 1929 works a change the provisions of the city charter control.

By L. 1929, p. 521, c. 369, §§ 9700 and 9705 were amended. Section 9700 refers in specific terms to contracts with the state or a municipal corporation or public board for the doing of public work. As amended by L. 1929, p. 521, c. 369, § 1, it concludes as follows:

"The provisions hereof shall govern every municipal corporation or other public board or body in this state, any provision in any general or special act or charter to the contrary notwithstanding. It shall not be necessary to obtain leave of court to bring any action against any principal or surety in any such bond."

The provision is specific that § 9700 as amended shall apply to cities having home rule charters. In a way it is the substantive law governing public contracts.

Section 9705 was amended so as to provide that no action should be maintained upon any bond unless within 90 days after the completion and acceptance of it by the proper public authorities the claimant filed in the office of the county auditor a written notice specifying the nature and amount of his claim and the date of furnishing the last item. There is no provision as to home rule cities. The change is as to the manner of service of notice. The plaintiffs did not file the notice. If it was essential that it be done they cannot recover. The question comes whether § 9705 as amended applies. If it does it is because of the quoted provision concluding § 9700 as amended in 1929.

The effect of § 1 of c. 369, so far as it amended § 9700, was to prescribe certain conditions and requirements of the charter relating to bonds of contractors for public work. Section 2 of c. 369, amending § 9705 relative to the method of giving notice, says nothing about its application to home rule cities. There is no sufficient reason why the amendment, made by a distinct section and relat-

ing to enforcement, should be construed as extending to cities under home rule charter, and we hold that it does not.

■ There is no question that the legislature by express legislation may supersede the provisions of home rule charters. State ex rel. Smith v. City of International Falls, 132 Minn. 298, 156 N. W. 249; Johnson v. City of Duluth, 133 Minn. 405, 158 N. W. 616; State ex rel. Benson v. Peterson, 180 Minn. 366, 230 N. W. 830. L. 1929, p. 521, c. 369, was not intended to have that effect.

Judgments affirmed.

