## W. W. KIMBALL CO. v. PARSON.
### No. 3805.

Court of Civil Appeals of Texas. Amarillo.
May 4, 1932.

Hill & Goodrich, of Shamrock, for appellant.

Reynolds & Heare, of Shamrock, for appellee.

JACKSON, J.

The plaintiff, W. W. Kimball Company, a corporation, instituted this suit in the county court of Wheeler county, Tex., against the defendant, A. F. Parson, to recover the sum of $225, with interest and attorney's fees thereon, evidenced by a promissory note dated November 6, 1929, executed by the defendant and payable to plaintiff on October 1, 1930.

The plaintiff's allegations were sufficient to authorize a recovery on the note of the principal, the accumulated interest and the attorney's fees of 10 per cent., all of which aggregated $276.10.

The defendant answered, admitting the execution of the note, but alleged that the consideration for the note was the sale to him by the plaintiff of a piano for the sum of $325, upon which he paid the sum of $100 and executed the note for the balance; that, at the time the payment was made and the note was executed, the plaintiff warranted the piano to be a new, high-class musical instrument, constructed of the best material and of the best workmanship and to perform well in producing music when properly operated; that after the delivery of the instrument it was used and tried but did not properly produce music when operated by a musician, was not constructed of the best material or with the best workmanship; that it was not a new instrument, but was rebuilt and reconditioned; that the keys would hang on each other; that the color thereof faded; that the strings were old and rusty; that the pedals were not attached to anything, and that the piano was utterly worthless and of no value; that on or about the 15th of November, 1929, he offered to return the instrument, which was thereafter held by him subject to plaintiff's order; that the piano was not removed by plaintiff from the premises of the defendant, and after several months was totally destroyed by fire, for which reasons the consideration for the note wholly failed—all of which he is ready to verify. He prayed that plaintiff take nothing by its suit, and that he have judgment for the sum of $100, the cash he had paid to the plaintiff in the transaction.

By a supplemental petition, in reply to defendant's answer, the plaintiff urged numerous demurrers and special exceptions, one of which was that the defendant's plea of failure of consideration was insufficient because not verified, and specially denied the allegations in the answer and set up in detail the note upon which it sued and the contract, which was, in effect, a mortgage, attached thereto and a part thereof. This contract, among other things, provided that the plaintiff should not be responsible for any agreement or promise not written upon the face of the note or contract, and that the defendant should keep the instrument insured against loss or damage by fire for the benefit of the plaintiff.

In response to the one special issue submitted by the court, the jury found that the piano was so defective in its material and construction as to be unsuited to the purpose of producing music when operated by a musician, and that same was worthless as a musical instrument.

On this verdict judgment was rendered that the plaintiff take nothing by its suit and that the defendant have and recover of and from the plaintiff on his cross-action the sum of $100, with 6 per cent. interest thereon, from which judgment the plaintiff appeals.

The appellant presents twenty-one propositions in which he urges error, but, for the purpose of disposing of this appeal, we deem it necessary to consider at any length only the several assignments complaining of the refusal of the court to direct a verdict in its behalf and the insufficiency of the evidence to support the verdict of the jury.

822

The testimony is uncontroverted that the plaintiff delivered to the defendant a new piano. There is no testimony in the record, either written or oral, that the sale of the piano was accompanied by an express warranty.

■ The law is that, in the absence of an express warranty, either verbal or written, there is an implied warranty that the article sold is fit for the purposes intended and adaptable to the use for which it was sold. Turner & Clayton, Inc., v. Shackelford (Tex. Com. App.) 288 S. W. 815. See, also, Fulwiler v. Lawrence et al. (Tex. Civ. App.) 7 S.W.(2d) 636.

The only evidence offered by the defendant was his testimony to the effect that the keys of the piano did not work freely, when one was pressed it would stick and they would drag one another when the instrument was played; that they were discolored, and that the foot pedals had no effect upon the sound of the instrument; that it would not make musical chords, and that it was not the instrument he purchased. He testified that he paid the sum of $100 on the purchase price of the piano and executed the note sued upon. Defendant did not testify that he knew anything about any piano or other musical instrument,' or that any musician had ever tried to play the instrument, or that he himself could play a piano; neither did he testify that the instrument was of no value, or that he ever offered to return it to the plaintiff, or that he ever insured it for the benefit of plaintiff, but said after it had been in his possession several months it was destroyed by fire, together with his house.

■ There is no testimony in the record that the material out of which the machine was made was defective. In fact, the uncontroverted testimony discloses that the piano was constructed out of good and new material and that it was in perfect condition when it left the factory. The testimony is insufficient to warrant the finding of the jury that the material was defective and that the instrument was without value.

■ The contract of sale contained no provision, express or implied, authorizing the appellee to return the machine. The appellee does not allege, nor does he suggest in his testimony, that he was induced to enter into the contract by fraud, accident, or mistake. Under the contract of sale it was necessary, in order for appellee to rescind the contract, to either show fraud, accident, or mistake or that the instrument was wholly unfitted for the purpose for which it was constructed and sold.' Potter et al. v. Mobley (Tex. Civ. App.) 194 S. W. 205, and authorities cited; J. B. Colt Co. v. Kelly (Tex. Civ. App.) 270 S.W.(2d) 942, and authorities cited.

Appellant's assignments challenging as error the action of the court in permitting appellee to verify his pleadings in open court and in assailing the issue submitted by the court as being multifarious and on the weight of the evidence, probably will not occur on another trial, and need not be considered.

■ The assignments urging error in the action of the court in permitting the appellee to testify that the instrument he received was not the instrument purchased, because the witness was not qualified to so testify, and that the argument of counsel to the jury presented error, are sustained.

The judgment is reversed, and the cause remanded.